[Crim. No. 40. Fourth Appellate District.—March 14, 1931.]

THE PEOPLE, Respondent, v. LEO M. SCHROEDER, Appellant.

Floyd H. Bowers and Earl F. Crandell for Appellant.

U. S. Webb, Attorney-General, and John D. Richer, Deputy Attorney-General, for Respondent.

LAMBERSON, J., *pro tem.*—The appellant was convicted of the offense of grand theft in the Superior Court of Orange County and judgment was pronounced on November 22, 1930, on which day the appellant gave oral notice of appeal. No written notice of appeal was filed. The notice and application provided for by section 7 of rule II of the Judicial Council, promulgated for the Supreme Court and District Courts of Appeal, was filed on November 29, 1930. Respondent moves to dismiss the appeal upon the ground that said application was not filed within the time provided in said section 7, which reads in part as follows: "Upon an appeal by the defendant from a judgment of conviction or from an order denying his motion for a new trial, or from an order made after judgment, or upon an appeal by the people from an order granting a new trial, or from an order setting aside an indictment, information or accusation, or from an order made after judgment, the appellant must, within five days after giving notice of the appeal, file with the clerk and present an application to the trial court, stating in general terms the grounds of the appeal and the points upon which the appellant relies, and designate what portions of the phonographic reporter's notes it will be necessary to have transcribed to fairly present the points relied upon. If such application is not filed within said time, the appeal shall be dismissed; provided, that the appeal shall not be dismissed for any defect in the statement of such grounds or points which does not affect the substantial rights of the respondent."

By the affidavit of appellant's attorney, filed in opposition to the motion to dismiss the appeal, it appears that said attorney's office was in the city of Los Angeles; that immediately following the pronouncement of judgment, and after appellant's attorney had given oral notice of appeal, it was agreed between an assistant district attorney of Orange County and appellant's attorney that the assistant district attorney would attend to the filing of papers neces-

sary to perfect an appeal if the attorney for appellant would mail such papers to such assistant district attorney; that the fifth day after the pronouncement of judgment was Thursday, November 27th, which was a legal holiday; that on November 28th, appellant's attorney placed the necessary papers in a sealed envelope and sent the same by special delivery in the United States mail, addressed to the district attorney of Orange County; that such papers were deposited in the postoffice prior to 8 o'clock A. M. on November 28th, that there is hourly service by mail between Los Angeles and the county seat of Orange County, the actual running time of trains between the two places being 70 minutes; that the documents were delivered at the office of the district attorney of Orange County on the afternoon of November 28th but, through an oversight, were not presented to the trial judge or filed until November 29, 1930. The appellant contends that by reason of the fact that the fifth day fell on a holiday, the time for filing the application and notice was extended to include all of Friday, November 28, 1930, and that appellant was also entitled to an allowance of one day, under the provisions of section 1013 of the Code of Civil Procedure relating to the service of papers by mail. The language of section 7 of rule II follows substantially the language theretofore used in section 1247 of the Penal Code, prior to its repeal in 1927 (Stats. 1927, p. 1048), and has been construed in the same manner as said section 1247 was interpreted prior to its repeal. ■ The filing of the application within the time provided by law after giving notice of appeal is mandatory and if there has been a failure to conform to the rule, the court is without jurisdiction to consider the appeal. (*People* v. *Shaw,* 81 Cal. App. 312 [253 Pac. 747]; *People* v. *Riga,* 104 Cal. App. 477 [285 Pac. 1069]; *People* v. *Davis,* 103 Cal. App. 318 [284 Pac. 516].) ■ The language of section 7 of rule II means that within the time provided by law there must actually be filed with the clerk and presented to the trial court, the application provided for in said section 7, and the section does not contemplate any allowance of additional time for service of the application by mail as provided in section 1013 of the Code of Civil Procedure.

It is ordered that the motion of respondent to dismiss the appeal be granted and the appeal is dismissed.

Barnard, P. J., and Jennings, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on March 25, 1931.