[Civ. No. 11961. First Dist., Div. One. Feb. 13, 1942.]

SAM DARCY, Petitioner, v. CHARLES MOORE, as Court Reporter, etc., et al., Respondents.

Andersen & Resner for Petitioner.

John J. O'Toole, City Attorney (San Francisco), and Henry Heidelberg, Deputy City Attorney, for Respondents Boyd and Ross.

KNIGHT, J. — The petitioner, Sam Darcy, was found guilty by a jury in the Superior Court in and for the City and County of San Francisco of the crime of perjury; and after the denial of motions for arrest of judgment and new trial pronouncement of judgment was suspended and he was released on probation. Thereupon he gave notice of appeal, and certified transcripts on appeal have been filed by the clerk and the phonographic reporter. The clerk's transcript was filed herein on October 15, 1941, and the reporter's transcript on November 4, 1941. The latter contains approximately 900 pages and covers the trial court proceedings, including the testimony, had and taken subsequent to the impanelment of the jury. The transcript was served on counsel for petitioner on October 29, 1941, and certified by the trial judge on November 4, 1941. On the following day petitioner filed this proceeding in mandamus. The question presented thereby is whether petitioner is entitled to have transcribed also and made part of the reporter's transcript the proceedings relating to his challenge to the panel of jurors, and the *voir dire* examination of "all prospective jurors and jurors," together with all objections thereto and rulings of the court thereon. The relief sought by the petition for the writ is that the respondent Charles Moore, phonographic reporter of the trial court, be compelled to furnish the additional portions of the transcript above mentioned, and that the respondents Harold J. Boyd and Harry Ross, controller and assistant controller, respectively, of said city and county, be compelled to pay the reporter for said additional portions of the transcript.

The respondents Boyd and Ross filed a demurrer to the

petition for the writ, one of the grounds thereof being that as to them the petition fails to state facts sufficient to constitute a cause of action. It is apparent that upon that ground the demurrer should be sustained without leave to amend, for as shown by section 274 of the Code of Civil Procedure there is no duty imposed upon them to authorize the payment of a reporter's transcript until ordered so to do by the trial court, and obviously no such order can properly be made until the reporter has performed his services.

The respondent Moore has not appeared in person or by attorney; nor has he filed any sort of a pleading in opposition to the granting of the peremptory writ; consequently, in order to determine whether legal justification exists for his failure to furnish the additional transcript, or any portion thereof, it has been necessary to examine the state of the record as it is disclosed by the transcripts on file, as well as to consider the uncontroverted allegations of the petition for the writ.

It appears therefrom that the controversy arises out of the following situation: The challenge to the panel and the exceptions thereto were in writing. The issues raised thereby were heard on July 14, 1941, and the challenge was denied on July 15th. The impanelment of the jury began on July 16th, continued up to and including July 25th, on which date the jury was completed and sworn to try the cause. The introduction of testimony began on July 26th and the verdict finding the petitioner guilty was returned on August 6th. Section 7 of rule II of the Rules of the Supreme Court and District Courts of Appeal provides in part that within five days after the giving of notice of appeal an appellant must file an application to the trial court stating the general grounds of appeal, the points on which he relies and designate what portions of the phonographic reporter's notes it will be necessary to have transcribed to fairly present the points relied upon; that within two days thereafter the court shall make an order directing the reporter to transcribe such portions of his notes as in the court's opinion are necessary to fairly and fully present the points relied upon; and that if within the two days the court fails to make the order, the notes requested shall be transcribed without such order.

The notice of appeal herein was given on September 18, 1941, and on the same day petitioner filed a statement of grounds of appeal and a request for a transcript. Among

the fifteen grounds of appeal stated were that the trial court committed error in overruling petitioner's challenge to the panel and in overruling his challenges for cause to individual jurors; and he demanded a transcription of the phonographic notes covering "the entire record," including "all testimony taken on the challenge to the entire panel, together with the *voir dire* examination. . . ." The trial court failed to make any order in response to such demand; and on October 8th, which it will be noted was twenty days after the filing of the notice of appeal, petitioner filed a "Special Demand for Phonographic Transcript on *Voir Dire* of Jury" wherein he demanded "a full and complete copy of the phonographic transcript of all the proceedings in the above entitled cause having to do with the examination of prospective jurors and jurors, together with all the objections and rulings of the court thereon; and also for a transcript of the proceedings on the matter of challenges to the entire jury panel." Thereupon and on the same day Judge George W. Schonfeld, the trial judge, made and signed an order ". . . that said matters described in said Special Demand be transcribed and written up by . . . the shorthand reporter . . . as demanded by defendant."

The petition for the writ of mandate is based entirely upon said "Special Demand" and the order made pursuant thereto, no reference being made to the original demand filed on September 18th; and in this connection the petition goes on to allege that subsequent to the making of said order of October 8th "Hon. Frank Deasy, the Presiding Judge of said Superior Court, ex parte, countermanded and cancelled said order for said transcription"; and that thereupon the phonographic reporter refused to comply with said order for the reason that on account of Judge Deasy's ex parte order the controller and the assistant controller refused to authorize the payment of the additional transcript. Neither a copy of Judge Deasy's order, nor the substance of any portion of it, is set forth in the record, nor does it anywhere appear whether said order was in writing, nor under what circumstances it was made.

It is evident that the second or so-called "Special Demand" for transcript and the order made pursuant thereto are ineffectual for any purpose, because said demand was not filed within five days after the giving of the notice of appeal. (*People* v. *Estrada,* 24 Cal. App. (2d) 341 [74 Pac. (2d)

1084]; *People* v. *Lewis,* 219 Cal. 410 [27 Pac. (2d) 73]; *People* v. *Nichols,* 114 Cal. App. 136 [299 Pac. 752]; *People* v. *Schroeder,* 112 Cal. App. 550 [297 Pac. 105].) But such fact does not serve as legal excuse for refusing to furnish the additional transcript for the reason that the original statement of the grounds of appeal and demand for transcript filed September 18th are legally sufficient to comply with the requirements of said rule, and include the subject matter at issue.

At the oral argument the point was made in opposition to the issuance of the writ that a transcription of the additional portions of the record demanded would cover "matter or material other than that reported by said reporter as prescribed in paragraph one of section 269 of the Code of Civil Procedure, and that therefore in no event would the cost of the transcription constitute a legal charge against the city and county. (Code Civ. Proc., sec. 274.) Section 269 provides, however, that among the matters required to be reported are "the rulings of the court"; and since the proceedings relating to challenges to the panel and to individual jurors take place, and the trial court's rulings thereon are made, after the commencement of and during the course of the trial, it would seem clear that such proceedings and rulings fall within the scope of the provisions of said section 269; and that therefore an appellant is entitled to a transcript thereof, provided the correctness of any such ruling may serve as a proper ground of appeal.

An adverse ruling on a challenge to the panel doubtless constitutes legal basis for an assignment of error, for if the assignment be sustained it may call for reversal of the judgment. It follows that petitioner is entitled to a transcript of the proceedings relating to the denial of his challenge to the panel. However, such a challenge "can be founded only on a material departure from the forms prescribed in respect to the drawing and return of the jury in civil actions, or on the intentional omission of the sheriff to summon one or more of the jurors drawn" (Penal Code, sec. 1059); and the clerk's transcript filed herein contains a copy of the written challenge interposed by petitioner, the affidavit in support thereof, and the objections to the challenge filed by the district attorney; also the trial court's rulings thereon. Consequently the reporter's transcript should include only such evidence and proceedings as are not set forth in the clerk's transcript.

■ As to the demand for a transcription of the *voir dire* examination of "all prospective jurors and jurors," it is well settled that the right of a defendant to a fair and impartial jury does not give him the right to have any particular juror or jurors sit in his case (15 Cal. Jur. 324; 8 Cal. Jur. 608; *People* v. *Howard,* 211 Cal. 322 [295 Pac. 333, 71 A. L. R. 1385]; *People* v. *Shannon,* 203 Cal. 139 [263 Pac. 522]; *People* v. *Rambaud,* 78 Cal. App. 685 [248 Pac. 954]); and that the erroneous disallowance of a challenge for cause is harmless if it does not appear that an objectionable juror was forced upon the defendant (People v. *Schafer,* 161 Cal. 573 [119 Pac. 920]). If he had not exhausted his peremptory challenges he cannot complain of the error, for, if he afterwards peremptorily challenged the objectionable juror he is not prejudiced; and if he did not do so, he cannot complain of an error, the injurious effects of which he has suffered, if at all, only by reason of his acquiescence in or failure to avoid it when he had the means and opportunity to do so. (8 Cal. Jur. 609.) ■ Nor does the single fact that the denial of challenges for cause may compel the defendant to exercise his peremptory challenges upon such jurors, thereby reducing his peremptory challenges to that extent, constitute ground for reversal. (*People* v. *Craig,* 196 Cal. 19 [235 Pac. 721].) As stated, in order to constitute legal basis for assignment of prejudicial error it must appear that an objectionable juror was forced upon the defendant; that is to say, it must appear that he has not only exhausted all of his peremptory challenges, but that he has in some appropriate manner manifested his dissatisfaction with the jury as completed. (*People* v. *Schafer, supra; People* v. *Kromphold,* 172 Cal. 512 [157 Pac. 599]; *People* v. *Craig, supra; People* v. *Rambaud, supra.*)

■ The clerk's transcript filed herein discloses the following situation: Numerous veniremen were excused on stipulation after examination on *voir dire;* others were eliminated on challenges for cause by the People and by the petitioner; and ten were excused peremptorily by the People, some of them after being unsuccessfully challenged for cause. Obviously petitioner is not entitled to a transcription of the *voir dire* examination of any of the above-mentioned veniremen, because he was in no manner prejudiced by their exclusion. The clerk's transcript further shows that the trial court held disqualified and excused all but three of the veniremen chal-

lenged for cause by petitioner, and that petitioner exercised eight of the ten peremptory challenges allowed him by law against veniremen who had not been challenged by him for cause. The three veniremen unsuccessfully challenged by him for cause were Joseph F. Hart, Mrs. Louise Cook, and Miss Elsie Burnett; and subsequently Mr. Hart and Mrs. Cook were excused by petitioner peremptorily. His tenth peremptory challenge was exercised against Mrs. Cook; whereupon he requested the allowance of additional peremptory challenges, but his request was denied. Thereafter but one additional venireman was examined on *voir dire,* and he was passed by both sides without any objections being made as to his qualifications. "Thereupon," so the clerk's transcript recites, "the following twelve talesmen having been favorably passed by respective counsel, and no objections or further challenges made thereto, were sworn and impanelled as the jury to try the said cause. . . ."

Since petitioner requested and was denied additional peremptory challenges, he is entitled to urge on appeal the point of the alleged erroneous disallowance of his challenge for cause to the single juror who was forced upon him after he had exhausted his peremptory challenges, namely, Miss Burnett, and to that end is entitled to a transcript of her *voir dire* examination. But whether in any event the denial of his challenges for cause to veniremen Joseph F. Hart and Mrs. Cook, whom he subsequently excused peremptorily, could have operated to his prejudice presents a question which should be considered and determined on the hearing of the merits of the appeal; therefore in order that the point may be fairly and fully presented, it would seem that a transcription of the *voir dire* examination of those two veniremen should also be included in the reporter's transcript.

In accordance with the views above expressed, it is ordered that the demurrer of the respondents Boyd and Ross be and the same is hereby sustained without leave to amend, and that a peremptory writ of mandate issue against the respondent Moore directing him to furnish an additional transcript containing (1) all testimony and proceedings had or taken in the trial court (not included in the clerk's transcript) relating to the hearing and determination of the challenge to the panel; (2) the *voir dire* examination of Miss Elsie Burnett, Joseph F. Hart, and Mrs. Louise Cook.

Peters, P. J., and Ward, J., concurred.