[Civ. No. 14924. First Dist., Div. One. June 5, 1951.]

NANCY CROSS, Petitioner, v. SUPERIOR COURT OF SANTA CLARA COUNTY et al., Respondents.

Nancy Cross, in pro. per., for Petitioner.

Alfred B. Britton, Jr., for Respondents.

PETERS, P. J.—The petition for a writ of mandate is submitted.

This case involves a dispute over the proper charge for the preparation by the court reporter of the reporter's transcript on an appeal.

The facts, as disclosed by the pleadings of the parties, are as follows: Nancy Cross, the petitioner, desired to appeal in the action of *Cross* v. *Tustin.* She filed her notice of appeal, and the notice to prepare transcripts, as required by rule 4 of the Rules on Appeal. The court reporter, William R. MacKay, estimated the cost of preparing the reporter's transcript at $283.50, and this information was given by the clerk to petitioner. Petitioner, after unsuccessfully attempting to secure a reconsideration of this estimate, deposited the estimated sum with the clerk. After the transcript was prepared, the trial court fixed its cost at $234.75, ordered that sum paid to the reporter, and the balance of $48.75 returned to petitioner. The figure of $234.75 was based on the reporter's estimate of the number of folios for an original and two copies. Thereafter, by actual word count, it was ascertained that the reporter had overcharged the litigant $26.85, for the original and two copies, and it was further ascertained that, if the litigant had ordered only an original and one copy, the proper charge should have been $161.70, in which event there was an overcharge of $73.05. The reporter offered to refund the admitted overcharge of $26.85, but claimed that the petitioner had ordered an original and two copies. Petitioner claimed that she had ordered but one copy. She tried, by various proceedings in the trial court, to have that court pass upon this disputed question of fact, but that court refused to do so. She thereupon applied to this court for a writ of mandate.

There can be no doubt of the propriety of this remedy. The trial court, and, where necessary, the appellate court, have complete control over the preparation of the record on appeal. Where relief is refused by the trial court, the

appellate court has inherent power to pass upon all questions dealing with the preparation of the record on appeal. (*Darcy v. Moore*, 49 Cal.App.2d 694 [122 P.2d 281].)

When it appeared to this court that the basic question in dispute was whether the petitioner had ordered one or two copies of the transcript, this court appointed the Honorable Andrew R. Schottky, Judge of the Superior Court of Mariposa County, as its referee with instructions to take evidence and to make a finding on this disputed question of fact. Thereafter, Judge Schottky held a hearing, took evidence on the issue, and filed his report and findings. He found, among other things, that petitioner, who is not a lawyer, "did not order an original and two copies, but only intended to order, and only did order, one copy." That basic finding is amply supported by the evidence, is in accord with the substantial weight of the evidence, and is adopted as the finding of this court.

The record in this case shows that the formal request for the preparation of the reporter's transcript required by rule 4(a) was filed by petitioner with the clerk. She did not there designate the number of copies required. The rules do not require such designation. ■ Rule 4(d) requires that the reporter, within a designated period, must file with the clerk "an original and one copy of the reporter's transcript." There is nothing in the rules to indicate that a normal notice to prepare the transcript authorizes the reporter to prepare and charge for more than the transcript called for by the rules, that is, for more than an original and one copy. It may be true that, for convenience, litigants or lawyers frequently order an additional copy or copies of the reporter's transcript, but before the reporter can collect for more than an original and one copy he must show that such was ordered. Such order must be clear and explicit. A reporter cannot collect for an extra copy simply because he assumes that the litigant might desire it. Thus, it is quite apparent that the reporter has been paid the sum of $73.05 in excess of the amount due him, and that that sum should be repaid to petitioner.

■ Petitioner claims that throughout these proceedings the reporter has acted in bad faith, and that exemplary damages should be assessed against him. Aside from the fact that it is extremely doubtful whether this court in this type of proceeding could or should award exemplary damages, we do not think the evidence shows that degree of bad faith

that would warrant the imposition of exemplary damages. The referee found that the "controversy is largely the result of a misunderstanding, and both parties undoubtedly acted in good faith." The affidavit of Judge Byrl R. Salsman, a judge of the superior court to whom this matter was assigned in the trial court until petitioner filed an affidavit of bias and prejudice against him and he voluntarily stepped aside, avers that on January 22, 1951, he tendered to petitioner a check for $73.05 on behalf of the reporter, but she refused to accept it. This hardly shows bad faith on the part of the reporter. While this offer was made contingent upon petitioner signing a release designating the payment as the settlement of a "doubtful" and "disputed" claim, this was a reasonable condition to attach to the offer of compromise. Such offer was sufficient to stop the running of interest.

Petitioner is entitled to a return of her $73.05 plus interest at 7 per cent per annum from September 5, 1950, when she made her deposit, until January 22, 1951, when the tender of the refund was made.

Let a peremptory writ issue so providing.

Bray, J., and Wood (Fred B.), J., concurred.