[Civ. No. 4263. Fourth Dist. Sept. 28, 1951.]

ROBERT H. KAUFMAN, Appellant, v. JOHN W. BROWN et al., Respondents.

T. T. Crittenden for Appellant.

Vincent Whelan and Thomas Whelan for Respondents.

GRIFFIN, Acting P. J.—Plaintiff and appellant brought this action against defendants and respondents for claimed wrongful arrest and imprisonment. On a former appeal from a judgment of dismissal after sustaining demurrers to the complaint without leave to amend, the judgment was reversed. (*Kaufman* v. *Brown*, 93 Cal.App.2d 508 [209 P.2d 156].) The action went to trial, before a jury, upon a second amended complaint, the allegations of which are recited in the former opinion. A judgment of nonsuit resulted as to defendants George, Ulrick, Besnak and Stearns, and was denied as to the remaining defendants. After trial a verdict and judgment in their favor resulted. On December 29, 1950, plaintiff filed a notice of appeal from the judgment thus entered. On January 8, 1951, counsel for plaintiff gave notice to the clerk of such appeal and requested him to prepare record on appeal to include judgment roll, minutes, and reporter's transcript. On January 18, 1951, plaintiff filed an amended notice requesting the clerk to prepare the record on appeal and to include the judgment roll, minutes and "limited reporter's transcript" of the testimony of John W. Brown, taken under section 2055, Code of Civil Procedure, the testimony of Cyrus Stearns, and the court's instructions to the jury. After the clerk gave notice of the completion of the limited reporter's and clerk's transcripts, defendants, on February 26, 1951, filed objections thereto upon the ground that the reporter's transcript was not a full and correct transcript of the oral proceedings provided for in rule 4 of part II, Rules on Appeal, and that plaintiff had not complied with rule 4, subdivision (b), and requested that plaintiff be required to present a complete transcript. On April 6, 1951, plaintiff filed a motion that he be permitted to amend his notice of appeal and to limit the grounds of appeal permitting him to use the incomplete reporter's transcript previously requested and prepared. The motion and objections thereto were heard on April 6, 1951, and denied. Plaintiff, on April 19, 1951, secured an order from another judge allowing him to proceed *in forma pauperis*. The trial judge found by order duly

signed on April 30, 1951, that a complete transcript of the testimony should be prepared; that it should be accomplished forthwith and submitted for certification to the judge within two weeks of that date. Plaintiff did not secure the completion of such a reporter's transcript. It is from this last-mentioned order that plaintiff, on May 9, 1951, filed his notice of appeal, and states as his grounds that he should be permitted (1) to amend the notice and limit his appeal to three points set forth, using a partial transcript; (2) to file by the alternate method a bill of exceptions and effect his appeal in that way; and (3) that this court should reverse *Rucker* v. *Superior Court,* 104 Cal.App. 683 [286 P. 732], and direct the preparation of a full transcript without cost.

The original notice to the clerk contained no statement of the points to be raised and there was no designation therein of the portions of the oral proceedings to be transcribed. There was no stipulation of the parties that any portion of the oral proceedings be not transcribed. ▮ The so-called amended notice to the clerk to prepare record on appeal, which sought a limited reporter's transcript involving only the testimony of two witnesses and the court's instructions to the jury, was not filed within 10 days after filing notice of appeal, as provided by rule 4, Rules on Appeal. The trial court was within its rights in refusing to certify the limited reporter's transcript as prepared and in ordering a complete transcript of the testimony within a prescribed period. (Rule 4(a), Rules on Appeal; *Western Concrete Pipe Co.* v. *Grabovich,* 118 Cal.App. 367 [5 P.2d 71] ; *Darcy* v. *Moore,* 49 Cal.App.2d 694, 698 [122 P.2d 281].)

Instead of preparing the entire record, as ordered, plaintiff subsequently, on June 26, 1951, applied to this court, under rule 12(a), Rules on Appeal, for permission to augment the record on appeal by transmitting to this court only the limited transcript prepared and which the trial court refused to certify. This application was denied.

After briefs were filed the action was regularly placed on the calendar on its merits. In the argument counsel for plaintiff suggested lack of funds precluded him from obtaining a full reporter's transcript. This court ordered the appeal submitted on its merits. The record before us consists of the clerk's transcript (including the judgment roll) as requested by plaintiff.

In *Rucker* v. *Superior Court, supra,* the court refused a writ of mandate to compel the court reporter to furnish a

transcript without the payment of the required fee. No just cause appears why the rule there adopted should be reversed. (See, also, rule 4(c), Rules on Appeal.)

It is respondents' argument that the order of the court ordering plaintiff to prepare a full transcript of the testimony, instead of the portion transcribed, within two weeks from the date of the order, is not an appealable order. This contention must be sustained. (Code Civ. Proc., § 963.) In order that a special order made after final judgment, as contemplated by that section, be appealable, such order must affect the judgment in some manner or bear some relation to it either by way of enforcing it or by staying its execution. (*Lake* v. *Harris*, 198 Cal. 85 [243 P. 417].)

Mandate is a proper remedy to control questions dealing with the record on appeal. (*Darcy* v. *Moore*, 49 Cal.App. 2d 694 [122 P.2d 281]; *Cross* v. *Superior Court* 104 Cal. App.2d 594 [232 P.2d 255].) Since the order involved is not an appealable order, the attempted appeal from it must be dismissed.

The other questions presented in plaintiff's brief are claimed error of the trial court (1) in granting a nonsuit as to certain defendants; (2) in receiving in evidence a certain ordinance; and (3) in erroneously instructing the jury.

There is nothing before this court to consider except the clerk's transcript. Plaintiff has not obtained a complete reporter's transcript, as ordered by the court. The record does not support plaintiff's claim that the trial court erred in respect to the questions presented.

Attempted appeal from the order to prepare complete transcript dismissed. Judgment affirmed.

Mussell, J., concurred.