[Civ. No. 16178.   First Dist., Div. Two.   Mar. 10, 1954.]

DEMETRIOS CONSTANTELOS, Appellant, v. SIEGFRIED RICE et al., Respondents.

Demetrios Constantelos, in pro. per., for Appellant.

D. J. O'Brien, Jr., and Daniel J. O'Brien III, for Respondents.

KAUFMAN, J.—Motion to dismiss appeal.

██ This was an action brought by appellant to recover damages for personal injuries. The record discloses that on the 29th day of September, 1953, judgment was rendered for respondent and against appellant and said judgment was entered on October 1, 1953. No motion for new trial was made. Notice of appeal was filed on November 4, 1953, said appeal being taken to the District Court of Appeal. That no notice to prepare transcript has been filed with the Clerk of the Superior Court or served upon the respondent in accordance with rule 4(a) of the Rules on Appeal. That no deposit of cash to cover the estimated costs of preparing the reporter's transcript has been filed with the clerk. That no waiver of said deposit signed by the reporter has been filed with the clerk. That no proceeding for the preparation of the record on appeal is pending in the superior court and the time to institute any such proceeding has expired.

Rules on Appeal, rule 10(a), provides as follows:

"If the appellant shall fail to perform any act necessary to procure the filing of the record or to pay the filing fee within the time allowed therefor or within any valid extension of that time, and such failure is the fault of the appellant and not of any court officer or any other party, the appeal may be dismissed on motion of the respondent or on the reviewing court's own motion."

The appellant must give the notice to prepare reporter's transcript on appeal (Rules on Appeal, rule 4(a)); and arrange for payment of reporter's charges (Rules on Appeal, rule 4(c)).

It is evident from the record that the appellant has done nothing and has completely failed to comply with the rules and has shown no excuse for his failure to so comply.

In view of the foregoing, we have no option but to dismiss the appeal.

The motion to dismiss is granted and the appeal is dismissed.

Nourse, P. J., and Dooling, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied May 6, 1954.