[Civ. No. 22687.   Second Dist., Div. Two.   Jan. 15, 1958.]

LEONA LEGG, Appellant, v. SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent.

Leona Legg, in pro. per., for Appellant.

Harold W. Kennedy, County Counsel, Roland J. Worthy, Deputy County Counsel, and Richard L. Riemer for Respondent.

*Assigned by Chairman of Judicial Council.

724

ASHBURN, J.—Appeal from order denying alternative writ of mandate. Appellant, appearing in propria persona in the Superior Court (as she does upon this appeal) filed in the Los Angeles Superior Court a petition for writ of mandate, naming said court as sole respondent and praying that it issue a writ directed to itself and commanding it "to comply with its Contractional Order (authorized by the presiding Judges of said Court) of assumable liability for the prepayment of all legal fees and the obligation of providing legal transcriptions, certifications, services and all other rights and privileges & ect. for adequate prosecution of said action in its entirety under forma pauperis proceedure; entitled Leona Legg vs County of Los Angeles, et al., Case No. 653840, or render judgment in favor of the Petitioner and against respondent in the sum of $50,000.00."

The petition avers that appellant is plaintiff in an action in said superior court "concerning the withholding of her subsistency warrent and deprivation of medical services, wherein the judgment was entered in favor of the respondent." Apparently she lost that case, "said Court choosing the way of perjury to petitioner's injury and risk." Thereupon she requested the county clerk to prepare a clerk's transcript and a reporter's transcript pursuant to rules 4 and 5 of the Rules on Appeal. This he declined to do without the payment of appropriate fees. Attached to the petition for mandate is an order of January 21, 1957, made by the presiding judge of the superior court in action Number 673104 providing: "The prepayment of the fees for filing the above entitled cause, for a jury, and all other legal fees are hereby waived and it is ordered that the amount of said fees shall be a lien on any moneys recovered by a judgment herein, or by reason of this cause of action, or in any settlement thereof." The petition for mandate alleges a "contract," made June 25, 1956, with the court for plaintiff's proceeding in forma pauperis in case Number 653840. Apparently the allegation refers to an order alleged to have been made by the judge of department 34 when the cause came on for hearing therein.

In her briefs petitioner assumes and asserts that an order permitting her to proceed in forma pauperis amounts to a contract with her on the part of the court and that it covers proceedings on appeal as well as those in the trial court. To support this latter phase of the argument she relies heavily upon 28 USCA § 1915, which provides that any

court of the United States may authorize the commencement, prosecution or defense of any civil or criminal proceeding *in forma pauperis,* and that if the trial court does not certify that an appeal is wanting in good faith the United States shall bear certain expenses. Subdivision (b), prior to amendment in 1951, provided for the preparation of a stenographic transcript and printing of record on appeal at the expense of the United States, if required by order of the appellate court. Amended in that year, it has since provided for payment of the expense of the printing of the record on appeal when ordered by the appellate court. This federal statutory rule has no counterpart in our own statutes (see Gov. Code, §§ 69953, 70051; Rules on Appeal, rules 4(c) and 5(c)) and is contrary to the decisional law. (*Rucker* v. *Superior Court,* 104 Cal.App. 683, 685-686 [286 P. 732]; *Barclay* v. *Superior Court,* 104 Cal.App. 789 [194 P. 1122]; *Kaufman* v. *Brown,* 106 Cal.App.2d 686, 688 [235 P.2d 632].)

 Obviously a petition for mandamus directed by the superior court to itself will not lie. (Code Civ. Proc., § 1085.)

The appeal presents no semblance of merit.

Order affirmed.

Fox, Acting P. J., concurred.

Mr. Justice Kincaid pro tem.* did not participate in this cause.

A petition for a rehearing was denied February 13, 1958, and appellant's petition for a hearing by the Supreme Court was denied March 12, 1958.

---

*Assigned by Chairman of Judicial Council.