[Civ. No. 26414.   Second Dist., Div. One.   May 15, 1963.]

R. W. AGNEW, Plaintiff and Appellant, v. CONTRACTORS SAFETY ASSOCIATION et al., Defendants and Respondents.

R. W. Agnew, in pro. per., for Plaintiff and Appellant.

Smithers, Good & Potter and Clyde H. Potter, Jr., for Defendants and Respondents.

FOURT, J.—Plaintiff has filed two separate notices of appeal. The first notice of appeal (filed October 9, 1961) discloses that plaintiff appeals "from the Judgment made and entered in said action, and from the Order denying plaintiff's [*sic*] Motion for New Trial in said action, and from the Order striking from the files the Declaration of plaintiff of bias and prejudice held by judge [*sic*] Benjamin Landis against plaintiff in said action." The second notice of appeal (filed January 17, 1962) discloses that plaintiff appeals "from the Order made and entered in said action on December 1, 1961, denying motion of said plaintiff for preparation of transcripts on appeal in said action in forma pauperis and at public expense."

Before consideration of the appeal from the judgment we will dispose of plaintiff's various appeals from the various orders.

*First, the purported appeal from the order denying his motion for a new trial*: "An order denying a motion for a new trial has not been appealable since the 1915 amendment to Code of Civil Procedure, section 963." (*Leventhal* v. *Ollie Morris Equip. Corp.*, 184 Cal.App.2d 553, 558 [7 Cal. Rptr. 911].)

*Second, the purported appeal from the order denying*

*the motion for the preparation of the transcripts on appeal at public expense*: A litigant in a civil action is not entitled to a transcript on appeal at public expense. (Gov. Code, §§ 69953, 70051; Cal.Rules of Court, rules 4(c) and 5(c)*; *Legg* v. *Superior Court,* 156 Cal.App.2d 723, 724-725 [320 P.2d 227] ; *Kaufman* v. *Brown,* 106 Cal.App.2d 686, 688 [235 P.2d 632] ; *Barclay* v. *Superior Court,* 104 Cal.App. 789 [194 P. 1122] ; *Rucker* v. *Superior Court,* 104 Cal.App. 683, 685-686 [286 P. 732].) ■ Furthermore, no appeal lies from this order. It is not the type of "special order made after final judgment" contemplated by Code of Civil Procedure, section 963, subdivision 2, in that it does not affect the judgment in some manner or bear some relation to it either by way of enforcing it or staying its execution. (See *Harmon* v. *Harmon,* 184 Cal.App.2d 248 [7 Cal.Rptr. 280].)

*Third, the appeal from the order striking plaintiff's declaration of bias and prejudice from the files*: The chronology of significant events is as follows:

A minute order dated June 9, 1961, reflects that the within action was transferred from department 1 of the superior court (i.e. master calendar department) to department 20 (i.e. Judge Landis' department). This minute order provides in pertinent part as follows:

". . . Counsel confer with the Court in chambers. In open Court, Plaintiff's motion to proceed in forma pauperis is argued and submitted, pursuant to the Court's memorandum signed and filed this date, a copy of which is mailed to all parties.[1] Trial is continued to June 12, 1961, at 9:30 A.M."

Minute order dated June 12, 1961, reflects that the trial resumed and that both parties made opening statements; witnesses were examined and exhibits introduced into evidence. The minute order then sets forth that "Trial is continued to June 13, 1961, at 9:30 A.M."

Minute order dated June 13, 1961, indicates that the trial

---

*Formerly Rules on Appeal, rules 4(c) and 5(c).

[1]The memorandum of the trial court filed June 9, 1961, provides in pertinent part as follows:

"The court under the law must try equitable actions without a jury; or, stated in another way, a party is not entitled to a jury on equitable causes of action. Under *Connell* v. *Bowes,* 19 Cal.2d 870 [123 P.2d 456], the court is required to try equitable actions before legal actions where equitable and legal actions are in the same case.

"Therefore, the ruling of this court is that the court will try the equitable issues without a jury and will take under submission the motion to proceed with the jury in forma pauperis until conclusion of the equitable phases."

resumed, witnesses testified and additional exhibits were introduced into evidence. It then provides that "Trial is continued to June 14, 1961, at 9:30 A.M.

The minute order dated June 14, 1961, is similar to the previous minute orders. It then sets forth that "Trial is continued to June 15, 1961, at 9:30 A.M."

The minute order dated June 15, 1961, is similar to the previous minute orders. In addition, however, it discloses that "*Plaintiff and defendants waive their rights to a jury trial herein.*" (Italics added.)

Minute orders dated June 19, 20, 22, 23, 26 and 27 are similar to previous minute orders. The minute order dated June 28, 1961, provides in pertinent part as follows:

"Trial resumes, continued from June 27, 1961, with all counsel present as before. . . . Plaintiff's motion to amend his second amended complaint to conform to the proof is argued and granted. Plaintiff rests.

"Defendants' motion to amend their answer to conform to the proof, is granted. Both sides rest. The cause is argued by both sides and submitted."

The minute order dated July 3, 1961, provides as follows: "Cause, heretofore submitted on June 28, 1961, the Court now renders its decision as follows:

Judgment is for the defendants. Each side to bear their own costs of suit incurred herein. Counsel for the defendants is ordered to prepare findings of fact, conclusions of law and judgment in accordance with the Memorandum of Decision signed and filed this date. Both sides notified by mail this date."

The trial court's memorandum opinion and a *nunc pro tunc* memorandum were filed July 3, 1961.

On July 19, 1961, plaintiff filed an application for extension of time to and including July 31, 1961, to serve and file his objections to defendants' proposed findings of fact and conclusions of law. Plaintiff's application was approved and so ordered.

On July 28, 1961, plaintiff filed a similar application seeking an additional extension of time to and including August 11, 1961. This application was likewise approved and so ordered by Judge Landis.

Plaintiff filed his objections to defendants' proposed findings and conclusions of law and a request for special findings on August 11, 1961.

Defendants' findings of fact and conclusions of law were

filed on August 14, 1961. Judgment was filed and entered the same day.

On August 23, 1961, plaintiff filed a notice of intention to move for a new trial. At the same time he also filed a "declaration of plaintiff of bias and prejudice held by Judge Benjamin Landis against plaintiff (Code Civ. Proc., § 170)."[2]

A minute order dated August 28, 1961, discloses that the declaration was ordered stricken on the court's own motion.

As reflected by the chronology of events herein set forth the trial was an extensive one and not one word of protest against the trial judge was uttered by plaintiff before or during the trial. In fact, on June 15, 1961, plaintiff expressly waived any right to proceed in trial with a jury and elected to continue the case as a trial by the judge without a jury.

---

[2]Plaintiff's declaration provides in pertinent part as follows:

"I am plaintiff in the above entitled action appearing in propria persona. I intend to move the . . . Court . . . to grant a new trial. That notice to move for said new trial is being filed concurrently with this Declaration.

"That Benjamin Landis, judge of said court, heard and decided said action sitting without a jury.

"Said Benjamin Landis is biased and prejudiced against me and is incapable of hearing said motion for new trial impartially and fairly by reason thereof; and by reason of the bias and prejudice of said Benjamin Landis against me that he is incapable of according me a fair and impartial hearing on said motion for new trial; and that by reason of the bias and prejudice held against me by said Benjamin Landis that a fair and impartial trial or hearing of said motion for new trial cannot be had before him presiding as the judge on such hearing for new trial.

"During all of said court trial in the above entitled action that said judge Benjamin Landis did conceal from me that he was biased and prejudiced against me and that he held and had a fixed opinion as to my credibility for truthfulness, and he failed to declare the same in open court and cause a memorandum thereof to be made in the court minutes, as was his duty to have so done under the provisions of section 170 of the Code of Civil Procedure of the State of California.

"That during the course of said court trial said Benjamin Landis refused to accord me my State and Federal Constitutional Rights to enter in evidence, at said court trial, material and competent evidence in my behalf—among other matters reflected by the Court Reporters Notes, such as refusing to hear testimony of one Stanley Jendrejk and myself, by offered evidence thereof, that defendant Howard Miller had in fact and in truth in 1957 twisted my finger, this offered testimony being to rebut the testimony of Howard Miller in said court trial that he had not in 1957 twisted my finger.

"That said Benjamin Landis is biased and prejudiced against persons who appear in court in propria persona; that I am a person who appears in court in propria persona, and on the hearing of said motion for new trial I will thereat appear in propria persona. That prior to August 14, 1961, I was without actual belief that said judge Benjamin Landis was biased against persons who appear in court in propria persona.

"That said judge Benjamin Landis presides in Department 20 of said Court."

The case of *People* v. *Sweeney,* 55 Cal.2d 27 [9 Cal.Rptr. 793, 357 P.2d 1049], is relevant to the question of the trial court striking plaintiff's declaration. It is stated at page 35 thereof as follows in pertinent part:

". . . section 170 requires the affidavit of bias and prejudice to set forth 'the fact or facts constituting the ground of the disqualification of such [the trial] judge.' *A statement that contains nothing but conclusions and sets forth no facts constituting a ground of disqualification may be ignored or stricken from the files by the trial judge. (Keating* v. *Superior Court,* 45 Cal.2d 440, 443 [289 P.2d 209] ; *People* v. *Lyon,* 135 Cal.App.2d 558, 585 [288 P.2d 57] ; *Ephraim* v. *Superior Court,* 42 Cal.App.2d 578, 579 [109 P.2d 378].)

Where the statement is insufficient the judge can so determine, whereupon the procedure provided by section 170 is not applicable. (*People* v. *Darby,* 114 Cal.App.2d 412, 439 [250 P.2d 743].) [3] 'Where no facts are set forth in the statement there is no issue of fact to be determined. It is only where an appropriate issue of fact is presented by the statement that a judge is prevented from passing on the question of his own disqualification under section 170.' (*Mackie* v. *Dyer,* 154 Cal.App.2d 395, 399 [316 P.2d 366].) *Defendant's affidavit charging Judge Rhone with prejudice stated no facts but only conclusions, and it was properly ignored.*" (Italics added.)

In addition to the fact that plaintiff's declaration was insufficient there is a principle to the effect that a party should not be allowed to gamble on a favorable decision and thereafter raise an objection that the trial judge was biased and prejudiced in the event the litigant is disappointed in the result. (See *Rohr* v. *Johnson,* 65 Cal.App.2d 208 [150 P.2d 5].) Such an attempt to play fast and loose with the administration of justice will not be tolerated.

Having disposed of plaintiff's purported appeals from the various orders, we now turn to the appeal from the judgment.

The first problem presented is to ascertain the vehicle by which plaintiff attempts to present this appeal. The chronology of significant events is as follows:

*August 14, 1961*—Judgment filed and entered.

*October 3, 1961*—Plaintiff's motion for new trial denied.

*October 9, 1961*—Plaintiff's notice of appeal (from the judgment, order denying his motion for new trial and from order striking the declaration of bias and prejudice) filed.

*October 18, 1961*—Plaintiff filed notice that he "*intends*

*to and will proceed on the appeal heretofore herein filed by a Clerks [sic] and Reporters [sic] Transcript on appeal.''* (Italics added.)

*November 20, 1961*—After having received several extensions of time within which to file a request for preparation of a clerk's and reporter's transcript, plaintiff filed his notice to prepare clerk's transcript and designation of exhibits for transmission to the reviewing court.

*November 24, 1961*—Plaintiff filed notice of motion for order directing the official reporter and court clerk to prepare a reporter's transcript and clerk's transcript at public expense.

*November 29, 1961*—Minute order provides in part that ''Motion to prepare transcripts at public expense is denied.''

*December 19, 1961*—Plaintiff filed a notice of motion for an order *nunc pro tunc* correcting the minute order dated November 29, 1961.

*December 27, 1961*—Minute order discloses that the minute order dated November 29, 1961, ''is hereby corrected nunc pro tunc as of that date by adding thereto the following: 'The Court finds that the plaintiff is not financially able to pay the estimated cost of a full reporter's transcript [i.e. $4,000] and a full clerk's transcript [i.e. $2,000]. Plaintiff has not shown to the satisfaction of the Court that such a large and expensive record is necessary for a fair appellate review, nor has he demonstrated what portions of the record are in fact necessary. The Court further is of the opinion that it has no authority to order the preparation of transcripts on appeal at public expense in this kind of civil case.' ''

*January 17, 1962*—Plaintiff filed notice of appeal from the order ''denying motion of said plaintiff for preparation of transcripts on appeal in said action in forma pauperis and at public expense.'' *On the same day he also filed a notice of intention to proceed on this appeal* (i.e. from order denying transcripts at public expense) *by ''a Narrative Settled Statement on Appeal in lieu of a clerks [sic] and Reporters [sic] Transcript.''* (Italics added.)

The California Rules of Court provide for several methods of presenting a record on appeal. (Cal. Rules of Court, rules 4, 5, 6 and 7.)*

Plaintiff has not presented his appeal from the judgment by use of a reporter's transcript or a clerk's transcript. (Cal.

---

*Formerly Rules on Appeal, rules 4, 5, 6 and 7.

Rules of Court, rules 4 and 5.) As has heretofore been set forth, plaintiff is not entitled to have said transcripts at public expense. Nor has plaintiff utilized the method prescribed in California Rules of Court, rule 6.[3]

Plaintiff indicated during oral argument that he was proceeding on a narrative settled statement.[4] California Rules of Court, rule 7, sets forth the procedure for presenting an appeal on a settled statement.[5]

---

[3]California Rules of Court, rule 6 (formerly Rules on Appeal, rule 6) provides as follows:

"Rule 6. *Agreed statement*

"(a) [Contents of agreed statement] An appeal may be presented on a record consisting in whole or in part of an agreed statement. Within 40 days after filing the notice of appeal, the appellant shall file with the clerk of the superior court two copies of such statement signed by the parties. The statement shall show the nature of the controversy, the basis on which it is claimed that the reviewing court has jurisdiction, and how the questions arose in and were decided by the superior court, and should set forth only such facts alleged and proved, or sought to be proved, as are necessary to a determination of the questions on appeal. The statement shall contain a copy of the judgment and a copy of the notice of appeal with its filing date, the pretrial order, if any, whenever the statement contains a copy of, or refers to, the judgment roll or any part thereof, together with any notice of intention to move for a new trial or motion to vacate the judgment, the ruling thereon, if any, and a recital or résumé of any oral proceedings thereon. The statement shall be accompanied by a list of such exhibits admitted in evidence or rejected or affidavits as the parties desire to have transmitted as originals.

"(b) [Extension of time] . . . ."

[4]The record of the oral proceedings before this court discloses the following in pertinent part:

"Mr. Justice Fourt: Can we find out right now. Which one are you proceeding under, Mr. Agnew?

"Mr. Agnew: What?

"Mr. Justice Fourt: Which particular notice of appeal are you proceeding under?

"Mr. Agnew: Well, your honors, we have—we have actually—it amounted to a narrative settled statement in the end because they refused to permit me to have a—a record on appeal, so I had to go up on a narrative settled statement.

"Mr. Justice Fourt: So that's the one that you actually are proceeding under, the narrative statement?

"Mr. Agnew: That's the only record we have. Yes, your honor."

[5]California Rules of Court, rule 7 (formerly Rules on Appeal, rule 7) provides as follows:

"Rule 7. *Settled statement*

"(a) [Proposal of narrative statement] If, in lieu of a reporter's transcript, the appellant desires to set forth the oral proceedings by a settled statement, he shall serve and file a notice so stating within 10 days after filing the notice of appeal. Within 30 days thereafter the appellant shall serve and file a condensed statement in narrative form of all or such portions of the oral proceedings as he deems material to the determination of the points on appeal. Where necessary for the purposes of accuracy, clarity or convenience, portions of the evidence may be set forth by question and answer, subject to the approval of the court in settling the statement. If the condensed statement purports to cover only a portion of

Although plaintiff indicates that he is proceeding on the narrative settled statement, the settled statement before this court is not directed to the appeal from the jugment. It does not comply with the rules (footnote 5) insofar as presenting an appeal from this judgment.[6]

█ The net effect of the situation is that plaintiff has failed to avail himself of any of the several alternative methods of presenting a proper record on appeal. This court would be justified in dismissing the appeal from the judgment on the court's own motion (Cal. Rules of Court, rule 10*; see *Eggert* v. *Pacific States Sav. & Loan Co.*, 20 Cal.2d 199, 201 [124 P.2d 815]). However, we choose to dispose of the appeal on the merits.

The gist of plaintiff's appeal from the judgment is that there

---

the oral proceedings, the appellant shall state the points to be raised by him on appeal, and in such event shall be precluded from presenting any grounds for reversal not embraced within the points stated by him unless the reviewing court, on motion, shall permit him to present additional errors or grounds of appeal on such terms as it may prescribe. Within 20 days after service of said narrative statement the respondent may serve and file his proposed amendments thereto. The appellant in his condensed statement and the respondent in his proposed amendments may incorporate any instructions given or refused which such party deems material.

"(b) [Settled statement in lieu of both transcripts] If, in lieu of both a reporter's and clerk's transcript, the appellant desires to present his appeal wholly on a settled statement, he shall serve and file a notice so stating within 10 days after filing the notice of appeal and, in that event, the provisions of subdivision (a) of rule 7 shall be applicable. The appellant's proposed statement shall contain in addition to the condensed statement of the oral proceedings copies of the following: (1) the judgment roll or such portions thereof as are deemed material to a determination of the points on appeal, and if there is no judgment roll, the judgment appealed from; (2) the notice of appeal; (3) the notice to the clerk of election to proceed by a settled statement; (4) the pretrial order, if any, whenever the statement contains a copy of the judgment roll or any part thereof; and (5) any notice of intention to move for a new trial or motion to vacate the judgment, the ruling thereon, if any, and a recital or résumé of any oral proceedings thereon. The appellant's proposed statement, and the respondent's proposed amendments, may include any other papers or records which either party might have had incorporated in the clerk's transcript, under the provisions of rule 5. Both the statement and the proposed amendments may be accompanied by a list of such exhibits admitted in evidence or rejected or affidavits as the party desires to have transmitted as originals

"(c) [Appellant's transcript available to respondent]. . . .

"(d) [Settlement and engrossment]. . . ."

[6]Among other things, the settled statement does not contain "a condensed statement in narrative form of all or such portions of the oral proceedings as he deems material to the determination of the points on appeal."

*Formerly Rules on Appeal, rule 10.

is insufficient evidence to support the findings of fact.[7] It would serve no useful purpose to set forth the 43 findings of fact relating to plaintiff's first cause of action or the 12 findings of fact relating to plaintiff's second cause of action.

Plaintiff having failed to incorporate in the settled statement a condensed statement of all or such portions of the oral proceedings as he deems material to the determination of the points on appeal, he is in no position to attack the sufficiency of the evidence to support the findings of fact.[8] In this respect, what was stated in *O'Callaghan* v. *Southern Pac. Co.*, 202 Cal.App.2d 364, 368 [20 Cal.Rptr. 708], is pertinent:

". . . [4] Having elected to supply this court with no settled statement or other record indicating what transpired at the hearing, appellant is bound by the presumption that there was adequate evidentiary support for the trial court's finding."

The judgment is affirmed.

Wood, P. J., and Lillie, J., concurred.

A petition for a rehearing was denied June 5, 1963, and appellant's petition for a hearing by the Supreme Court was denied July 10, 1963.

---

[7]Plaintiff did not incorporate the findings of fact or conclusions of law in the settled statement. However, the record on appeal was augmented to include them.

[8]Plaintiff's motion made on February 26, 1963, to augment the record with a partial reporter's transcript of the testimony of one witness is denied.