[Civ. Nos. 43212, 43982. Second Dist., Div. Five. July 31, 1974.]

ROBERT A. LESLIE et al., Plaintiffs and Appellants, v. MARTIN ROE et al., Defendants and Respondents.

**COUNSEL**

Robert A. Leslie and Dorothy A. Leslie, in pro. per., and Willard Hastings, Jr., for Plaintiffs and Appellants.

Archbald, Zelezny & Spray, Kenneth L. Moes and William J. Stewart for Defendants and Respondents.

**OPINION**

**ASHBY, J.**—These two appeals are before the court on respondents' motions to dismiss the appeals. Appellants were plaintiffs below in an

action for personal injuries against respondents and other defendants. After a four-day nonjury trial judgment was entered in favor of respondents on June 12, 1973. Notice of appeal from the judgment was filed on June 20, 1973. This is the appeal involved in No. 43982.

On June 28, 1973, appellants moved in the trial court that they be provided a clerk's transcript and reporter's transcript on appeal at county expense, alleging that they were indigent and could not afford the transcripts.[1] After a hearing the trial court denied the motion on August 14, 1973, holding that although indigent, appellants were not entitled to have the county pay for the transcripts on appeal. Notice of appeal from this order was filed on August 29, 1973. This is the appeal involved in No. 43212.

Respondents move to dismiss the appeal from the order denying the motion for free transcripts, No. 43212, on the ground that such order is not appealable. We conclude that respondents' contention is correct and that the appeal in No. 43212 should be dismissed. Respondents also move to dismiss the appeal in No. 43982 on the ground that appellants have failed to take steps to perfect the record on appeal. This contention is also correct, but we conclude that under the circumstances the motion to dismiss should be denied on the condition that appellants promptly perfect the record.

## No. 43212

█   The order denying appellants' motion to be provided transcripts on appeal at county expense is not appealable. (*Kaufman* v. *Brown,* 106 Cal.App.2d 686, 689 [235 P.2d 632]; *Agnew* v. *Contractors Safety Assn.,* 216 Cal.App.2d 154, 156 [30 Cal.Rptr. 690], cert. den., 375 U.S. 976 [11 L.Ed.2d 421, 84 S.Ct. 496]; *Guardianship of Pankey,* 38 Cal.App.3d 919, 939 [113 Cal.Rptr. 858].) Mandate is the proper remedy for questions dealing with the preparation of the record on appeal. (*Kaufman* v. *Brown, supra.*)

---

[1]The motion was not supported by a certificate of counsel that the appeal was meritorious and in good faith (see *Ferguson* v. *Keays,* 4 Cal.3d 649, 658 [94 Cal.Rptr. 398, 484 P.2d 70]), nor were any specific reasons given why a reporter's transcript was necessary to raise on appeal a contention that appellants had been denied their right to jury trial by the court's pretrial denial of a motion for continuance to raise funds for a jury trial. (See *March* v. *Municipal Court,* 7 Cal.3d 422, 427-429 [102 Cal.Rptr. 597, 498 P.2d 437].)

Even if we were to treat the purported appeal as a petition for writ of mandate appellants would not be entitled to relief.[2] The ordinary civil litigant is not entitled to free transcripts on appeal at public expense. (*Rucker* v. *Superior Court,* 104 Cal.App. 683, 685-686 [286 P. 732]; *Kaufman* v. *Brown, supra,* 106 Cal.App.2d 686, 688-689; *Legg* v. *Superior Court,* 156 Cal.App.2d 723, 724-725 [320 P.2d 227]; *Agnew* v. *Contractors Safety Assn., supra,* 216 Cal.App.2d 154, 156.)

*Ferguson* v. *Keays, supra,* 4 Cal.3d 649, does not change this rule. That case dealt only with the appellate court filing fee required by Government Code section 68926. The court expressly did not decide the question whether indigents must be given funds by the county or some other source in order to pay transcript fees, publication costs, or other similar third party charges. (*Id.,* at p. 654.) *Boddie* v. *Connecticut* (1971) 401 U.S. 371 [28 L.Ed.2d 113, 91 S.Ct. 780], was concerned only with filing and service-of-process fees necessary to secure initial access to the trial court in marriage dissolution proceedings. The court emphasized that it intended to go no further than necessary to dispose of the case on its particular facts. (401 U.S. at p. 382 [28 L.Ed.2d at p. 122].) *Boddie* does not deal with the right of appeal or to a record on appeal in a civil matter. (*Guardianship of Pankey, supra,* 38 Cal.App.3d 919, 939; see *Ortwein* v. *Schwab* (1973) 410 U.S. 656, 658-661 [35 L.Ed.2d 572, 575-577, 93 S.Ct. 1172].)

The appeal in No. 43212 is dismissed.

## No. 43982

Respondents move to dismiss the appeal from the judgment in No. 43982 on the ground that appellants have taken no steps to perfect the record on appeal. (Cal. Rules of Court, rule 10(a).) According to a certificate from the clerk of the superior court and a declaration by counsel for respondents Batastini Brothers and the City of Santa Barbara, there has been no notice to the clerk to prepare a record on appeal, appellants have neither prepared a settled statement nor contacted respondents to propose an agreed statement, there is no proceeding pending in superior court for the preparation of the record, and the time to institute such proceedings has expired. Respondents are correct that ordinarily such failure on the part of an appellant to perfect a record on appeal calls for

[2]Apparently realizing that the order appealed from was nonappealable, appellants also filed a petition for writ of mandate in this court on January 11, 1974, Second Civil No. 43546. After submission of opposition by respondents and real parties in interest, the petition was denied without opinion on February 21, 1974.

dismissal of the appeal. (E.g., *Constantelos* v. *Rice,* 123 Cal.App.2d 765, 766 [267 P.2d 375].)

However, it is obvious that the reason for appellants' default here is that they hoped to establish a right to be provided free transcripts as contended in their purported appeal in No. 43212. Although ultimately unsuccessful, appellants were attempting in that manner to secure a record on appeal, and under the circumstances this court may grant relief from the default. (See *Jarkieh* v. *Badagliacco,* 68 Cal.App.2d 426, 432-433 [156 P.2d 969].)

Although appellants do not have the right to transcripts at public expense, the California Rules of Court provide alternative means of preparing the record on appeal which should prove adequate. The relevant facts may be stated in an agreed statement of the parties (rule 6) or a settled statement (rule 7). Perhaps only a partial reporter's transcript would be necessary (rule 4) and its cost might be low enough for appellants to afford. Appellants have indicated that they would attempt to use such alternatives upon our ruling in No. 43212 that they are not entitled to free transcripts.

Thus rather than to dismiss the appeal we prefer to give appellants an opportunity to remedy their default, on condition, however, that they take prompt steps to do so. (E.g., *Martin* v. *Hudson,* 79 Cal. 612, 613 [21 P. 1135]; *Nathanson* v. *Murphy,* 124 Cal.App.2d 163, 164 [268 P.2d 32].) Therefore the motion to dismiss the appeal is denied on the condition that within 10 days from the date this opinion becomes final appellants file the appropriate notices to institute preparation of the record on appeal (see Cal. Rules of Court, rules 4, 5, 6, and 7), and that the record be filed within the time provided by the rules. Upon failure to comply with this order the appeal will be dismissed.

Stephens, Acting P. J., and Hastings, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied September 25, 1974.