[Civ. No. 30299. Fourth Dist., Div. Three. July 20, 1983.]

FARMERS INSURANCE EXCHANGE, Plaintiff and Appellant, v. MICHELLE H. STRATTON, a Minor, etc., et al., Defendants and Respondents.

**COUNSEL**

Hagenbaugh & Murphy and Bruce N. Graham for Plaintiff and Appellant.

Norman B. Schmeltzer III for Defendants and Respondents.

## Opinion

## NOMOTO, J.*—

### The Case

This is an appeal from a declaratory judgment in favor of defendants Michelle, Brian and Jode Stratton (hereinafter Strattons) and Ronald and Terry Trotter (hereinafter Trotters), determining that plaintiff, Farmers Insurance Exchange, owed an obligation to either defend or indemnify defendants, Gerald Apoian and Executive Car Leasing, with respect to the claimed wrongful death of the named insured.

### The Facts

The facts as stipulated to by the parties state that Farmers Insurance issued a policy of insurance to Louise Stratton and Executive Car Leasing effective October 21, 1978, on a BMW leased from Executive Car Leasing to Bell Sound Systems, Inc. which furnished it to Stratton for her use. The policy was in full force and effect on January 19, 1979, when Louise Stratton was killed while a passenger in the BMW. The BMW was being driven by defendant Gerald Apoian, with the permission of Louise Stratton. On December 14, 1979, Louise Stratton's minor children (Michelle and Jode) filed an action for her wrongful death through their guardians, Brian E. Stratton and the Trotters.

The trial court held that the policy did not exclude any wrongful death claims of heirs against an unrelated party.

### Discussion

 Two questions are presented: (1) Does the "named insured" exclusion in the Farmers policy exclude coverage for a wrongful death action commenced against an unrelated party? (2) Is the language of the "named insured" exclusion clear and unambiguous?

1. *The "named insured" exclusion in the Farmers policy does exclude coverage of a wrongful death action commenced against an unrelated party.*

The insurance policy in question provides:

---

*Assigned by the Chairperson of the Judicial Council.

"Exclusions

"This policy does not apply under Part I . . . (11) to the liability of any insured for bodily injury to (a) the named insured, . . ."

"Bodily injury means bodily injury, sickness or disease, including death at anytime resulting therefrom, sustained by a person."

It is undisputed that defendant Apoian was a permissive driver of the vehicle covered by the policy and that Louise Stratton was the "named insured" under the policy.

The California Supreme Court in *Farmers Ins. Exchange* v. *Cocking* (1981) 29 Cal.3d 383 [173 Cal.Rptr. 846, 628 P.2d 1], has held that Farmers' "named insured" exclusion is authorized by Insurance Code section 11580.1, subdivision (c). *Cocking* involved a personal injury suit commenced by a wife against her driver husband for injuries sustained while riding as a passenger. Farmers Insurance commenced a declaratory relief action maintaining that it did not have to indemnify Mr. Cocking under the liability insurance policy since the policy did not apply "to the liability of any insured for bodily injury to (a) the named insured, or (b) a relative of the named insured who is a resident of the same household." (*Farmers Ins. Exchange* v. *Cocking, supra,* at p. 386.) The policy also contained a provision which stated: "[T]he term 'named insured' includes his spouse if a resident of the same household." (*Ibid.*) At the time of the accident, Mr. and Mrs. Cocking were residing together in the same household. The court upheld section 11580.1 against plaintiff's contention that it violated public policy and equal protection on the basis that the legislative classification contained therein rationally related to a legitimate state purpose. The court held that such a purpose was the legitimate interest of an insurer to minimize future losses attributable to fraud or collusion among family members:

" '[T]he concept of a household exclusion is a common one which has long enjoyed judicial support. Its purpose is to prevent suspect inter-family legal actions which may not be truly adversary and over which the insurer has little or no control. Such an exclusion is a natural target for the insurer's protection from collusive assertions of liability.' " (*Id.* at p. 389, quoting *United Farm Bur. Mut. Ins. Co.* v. *Hanley* (1977) 172 Ind.App. 321 [360 N.E.2d 247].)

The trial court concluded that *Cocking* and the "named insured" exclusion did not bar wrongful death actions against nonfamily members. Appellant disagrees and cites *Farmers Insurance Exchange* v. *Brown* (1967) 252 Cal.App.2d 120 [60 Cal.Rptr. 1], as authority. In that case, the adult

children of Mr. and Mrs. Brown commenced a wrongful death action against their father for the death of their mother which ensued as a result of her riding as a passenger in a vehicle driven by him. The court held that the "named insured" exclusion applied to the heirs since any other construction would "permit an insurer to exclude coverage for any injury to an assured, however permanent and crippling, but would bar such exclusion if the injury resulted in death. That construction unjustifiably assumes a legislative illiberality to the maimed, in contrast to an oddly inconsistent concern for adult heirs of the dead." (*Id.* at p. 123.)

Common sense dictates that the *Brown* reasoning is sound. There is nothing to indicate that *Cocking* would sanction the incredible position that the family of a "named insured" who has become crippled by an accident should be "punished" because he has inconsiderately failed to die.

2. *The language contained in the "named insured" exclusion is clear and unambiguous as to wrongful death actions.*

The judgment of the lower court should also be reversed since it is clear that the "named insured" exclusion includes wrongful death actions.

■ Although an insurance company has a right to limit the coverage of its policy (*Continental Cas. Co.* v. *Phoenix Constr. Co.* (1956) 46 Cal.2d 423 [296 P.2d 801, 57 A.L.R.2d 914]), the exclusion must be "conspicuous, plain and clear." (*Gray* v. *Zurich Insurance Co.* (1966) 65 Cal.2d 263, 273 [54 Cal.Rptr. 104, 419 P.2d 168].) If there is an ambiguity in the language, the ambiguity is resolved in favor of the insured and against the insurer. (*Mid-Century Ins. Co.* v. *Hauck* (1973) 35 Cal.App.3d 293 [110 Cal.Rptr. 707].) ■ As previously stated, the policy excludes "liability . . . for bodily injury to the named insured," and defines bodily injury as including "death at anytime resulting therefrom." This language has already been held to be unambiguous, and effectively excludes wrongful death claims arising by reason of the death of an insured. (*California State Auto. Assn. Inter-Ins. Bureau* v. *Antonelli* (1979) 94 Cal.App.3d 113 [156 Cal.Rptr. 369].) For the foregoing reasons, the judgment is reversed.

Crosby, Acting P. J., and Sonenshine, J., concurred.

Respondents' petition for a hearing by the Supreme Court was denied September 29, 1983. Richardson, J., did not participate therein.