[No. D003993. Fourth Dist., Div. One. Nov. 24, 1986.]

INTERINSURANCE EXCHANGE OF THE AUTOMOBILE CLUB OF SOUTHERN CALIFORNIA, Plaintiff and Respondent, v. ROGER CAMPBELL et al., Defendants and Appellants.

## COUNSEL

Higgs, Fletcher & Mack, John W. Netterblad and M. Cory Brown for Plaintiff and Respondent.

Michael M. Angello for Defendants and Appellants.

## OPINION

**BUTLER, J.**—The Automobile Club of Southern California (Automobile Club) issued a policy of automobile insurance naming John D. Campbell and his wife Alberta R. Campbell as insureds. Alberta, driving a car covered under the policy with John as a passenger, crashed into another automobile. Both were killed. Roger Campbell and Sharon Ann Partridge, John's son and daughter by an earlier marriage (the adult children), sued Alberta's estate for the wrongful death of their father. The court granted Automobile Club's motion for summary judgment brought in its action for declaratory relief on the ground the policy excluded liability to the adult children. The adult children appeal. ██ While we believe the policy does not exclude coverage for the losses sustained by the adult children, in deference to the doctrine of stare decisis and reliance of the insurance industry on case law barring such coverage, we shall reluctantly affirm and suggest the Supreme Court review and resolve the issues here presented.

### I

The policy requires the Automobile Club to pay "damages for which any person insured is legally liable because of bodily injury or property damage caused by an occurrence arising out of the ownership, maintenance or use of an automobile or utility trailer insured under this part." Persons insured

under the policy include John and Alberta and "a relative." A relative is any person related to John or Alberta by blood, marriage or adoption "who is a resident of the same household" in which John and Alberta reside. The adult children were not residents of the household. They are not insureds under the policy.

Alberta was an insured and legally liable, as is her estate. Bodily injury under the policy means "bodily harm, sickness or disease, including death therefrom, including consequential damage from any of these."

Excluded from liability under the policy is "bodily injury to you or a relative" ("WHAT IS NOT COVERED—EXCLUSIONS—PART I, [subd.] (f).") "You" includes John and Alberta. The policy thus excludes from coverage any damages for which Alberta's estate, a derivative insured, is legally liable because of the death of John, an insured. (*State Farm Mut. Auto. Ins. Co. v. Hartle* (1976) 59 Cal.App.3d 852 [131 Cal.Rptr. 141].) The court concluded the claim of the children for damages arose out of the wrongful death of John, an insured; as the policy excludes coverage for damages for the death of an insured, the claim of the adult children for damages arising out of that death is excluded from coverage under subdivision (f). The adult children argue their claim for damages does not derive from John's death as an insured under the policy but rather from the wrong, independent of John's status, they suffered because of Alberta's negligence. Stated differently, they contend they are third parties whose cause of action for Alberta's negligence arises from their status as John's surviving children; while it is true the policy excludes coverage for damages to an insured for John's death, third party claims against an insured responsible for the death are not excluded.

## II

The Automobile Club cites cases to support its position. *Farmers Ins. Exchange v. Stratton* (1983) 145 Cal.App.3d 612 [193 Cal.Rptr. 119] concerned a wrongful death action brought against a permissive driver by children whose mother was killed while riding as a passenger in a car driven by the unrelated permissive driver. The insurance policy excluded liability of any insured for death of a named insured. The mother was a named insured; the defendant permissive driver was an insured. Without extended discussion or analysis, the court held the policy excluded any liability to the children for the death of the named insured, the mother, as "'the named insured' exclusion includes wrongful death actions." (*Id.*, at p. 616.)

In *Farmers Ins. Exch. v. Brown* (1967) 252 Cal.App.2d 120 [60 Cal.Rptr. 1], cited in *Stratton*, adult children sued their father for the wrongful death

of their mother, a passenger in the car driven by the father. The policy in *Brown* excluded liability for death of a named insured (*id.* at p. 121). The court held the exclusion was valid under the financial responsibility law and barred the claim of the adult children for the wrongful death of their mother, a named insured.[1] *Farmers Ins. Exchange* v. *Cocking* (1981) 29 Cal.3d 383 [173 Cal.Rptr. 846, 628 P.2d 1] held Insurance Code[2] section 11580.1, subdivision (c), authorizes automobile liability insurers to exclude from coverage an insured's bodily injury liability to any other person insured under the policy.

*Cocking* pointed out section 11580.1, subdivision (c), permitted, but did not require, exclusion of coverage for bodily injury liability to insureds who are usually family household members. "The primary basis underlying the use of this exclusion has been well described in a recent Indiana case: '[T]he concept of a household exclusion is a common one which has long enjoyed judicial support. Its purpose is to prevent suspect inter-family legal actions which may not be truly adversary and over which the insurer has little or no control. Such an exclusion is a natural target for the insurer's protection from collusive assertions of liability. [¶] . . . [T]he freedom of the parties to exclude risks from an insurance contract is well established. [Citations.]' (*United Farm Bur. Mut. Ins. Co.* v. *Hanley* (1977) 172 Ind.App. [329] . . . fns. omitted . . . ." (*Farmers Ins. Exchange* v. *Cocking, supra,* 29 Cal.3d at p. 389.)

### III

The adult children say *Brown,* cited by *Stratton,* is an artifact of earlier years before emergence of strict interpretation of policy exclusions; they claim *Stratton* is fatally flawed in its reasoning and *Cocking,* cited by *Stratton,* simply validates policy exclusions of liability for injury or death of an insured against another. The adult children rely on our decision in *Abellon* v. *Hartford Ins. Co.* (1985) 167 Cal.App.3d 21 [212 Cal.Rptr. 852],

---

[1] Interestingly, *Stratton* picks up language used in *Brown* which construes the word "injury" to include "death" under the financial responsibility law. In concluding the word "injury" included death, the *Stratton* court reasoned any other construction would "'permit an insurer to exclude coverage for any injury to an assured, however permanent and crippling, but would bar such exclusion if the injury resulted in death. That construction unjustifiably assumes a legislative illiberality to the maimed, in contrast to an oddly inconsistent concern for adult heirs of the dead.'" (*Farmers Ins. Exchange* v. *Stratton, supra,* 145 Cal.App.3d 612 at p. 616, quoting from *Farmers Ins. Exch.* v. *Brown, supra,* 252 Cal.App.2d 120 at p. 123.) *Stratton* language referring to the meaning of "injury" as used in the financial responsibility law is irrelevant to the issue of wrongful death actions as excluded from coverage under an automobile insurance policy when injury is there defined as including death.

[2] All statutory references are to the Insurance Code unless otherwise specified.

to support their argument third party claims against an insured for the wrongful death of another insured are not excluded from coverage.

Carlos Abellon was injured when his car collided with a vehicle insured by Hartford Insurance Company. The policy limits were $250,000 for each person and $500,000 for each occurrence. Carlos's damage suit against the vehicle owner for his injuries and his wife's claim for loss of consortium was settled and judgment entered—$750,000 for Carlos and $250,000 for his wife. Hartford paid the $250,000 policy limit to Carlos and declined to pay the wife's claim, contending the "per person" limits had been paid. The wife contended the "per occurrence" limit of $500,000 was applicable. We held the wife suffered a separate, independent injury, loss of consortium, as a result of the accident and was a second person injured in the occurrence.

Relying on *Abellon,* the adult children here contend they suffered a separate, distinct loss attributable to Alberta's negligence and not derivative of John's death.

This contention of the adult children was anticipated in the dissent in *Brown*: "Heirs, however, seeking damages for the wrongful death of an ancestor, do not assert the ancestor's claims. Their cause of action is wholly separate and distinct. (Compare Code Civ. Proc., § 377 with Prob. Code, § 573; see also *Fuentes* v. *Tucker,* 31 Cal.2d 1, 9 . . .; *Dickenson* v. *Southern Pac. Co.,* 172 Cal. 727 . . .; *Garcia* v. *State of California,* 247 Cal.App.2d 814, 816 . . .; 2 Witkin, Summary Cal. Law (1960) Torts, § 374, p. 1577.) Here, appellants assert their own claims, not those of Effie." (*Farmers Ins. Exch.* v. *Brown, supra,* 252 Cal.App.2d 120 at p. 124.) An action brought by children for wrongful death of a parent is, of course, a new cause of action based upon their pecuniary loss and distinct from any the parent might have maintained had he or she survived. (4 Witkin, Summary of Cal. Law (8th ed. 1974) Torts, § 785(b), p. 3083; Code Civ. Proc., § 377.)

In *Abellon,* we held the policy there extended coverage to "'all damages resulting from *bodily injury* caused by any one accident.'" (*Abellon* v. *Hartford Ins. Co., supra,* 167 Cal.App.3d 21 at p. 32.) Reasoning the provision did not specifically state that damages must result from bodily injury to one physically present at the accident scene, we held coverage extended to all persons damaged as "a result of bodily injuries sustained in the accident." (*Ibid.*)

The exclusion of policy coverage for the death of an insured occasioned by an insured under the same policy does not compel the conclusion an

uninsured third party claim for the wrongful death of an insured is likewise excluded. The cause of action here is an "original and distinct" claim of the adult children for John's wrongful death, maintained against Alberta's estate. (*Garcia* v. *State of California* (1967) 247 Cal.App.2d 814, 816 [56 Cal.Rptr. 80].) John's death simply triggered the claim (*Grimshaw* v. *Ford Motor Co.* (1981) 119 Cal.App.3d 757, 831 [174 Cal.Rptr. 348]) of the adult children for the loss they suffered because of the death, including the value of the services and support they might have received had John not died (*Estate of D'India* (1976) 63 Cal.App.3d 942, 947 [134 Cal.Rptr. 165]). Their injuries are not derivative of John's pain and suffering (*Buckley* v. *Chadwick* (1955) 45 Cal.2d 183, 192 [288 P.2d 12]).

We respectfully disagree with the holdings in *Brown* and *Stratton*. We conclude Code of Civil Procedure section 377 sanctions the rights of the adult children to recover for their injuries as being separate and distinct from John's injuries. Thus, we believe the policy does not exclude from coverage the claim of the adult children.

However, our role as an intermediate Court of Appeal includes constraints on pronouncements of judgments at variance with holdings of other courts relied upon by affected industries. We assume the insurance industry in determination of policy language and rate fixing has relied on *Brown*, decided in 1967, as affirmed in 1983 by *Stratton*. While we believe those cases were wrongly decided, an ordered jurisprudence suggests the conflict should be reviewed by higher authority. For these reasons, we affirm the judgment. Each party to bear their own costs.

Wiener, Acting P. J., and Work, J., concurred.

A petition for a rehearing was denied December 12, 1986, and appellants' petition for review by the Supreme Court was denied February 4, 1987.