[No. D010025. Fourth Dist., Div. One. Sept. 7, 1989.]

SYED M. MEHDI et al., Petitioners, v.
THE SUPERIOR COURT OF SAN DIEGO COUNTY, Respondent;
STEVE BOWMAN, Real Party in Interest.

COUNSEL

Edwards, White & Sooy and Stephen C. Ross for Petitioners.

No appearance for Respondent.

Philip A. DeMassa for Real Party in Interest.

OPINION

KREMER, P. J.—Petitioners Syed M. and Afsar Mehdi (Mehdi), defendants in a personal injury action, seek mandate directing the superior court to vacate its order waiving the clerk's transcript fees on appeal for plaintiff and real party in interest Steve Bowman. We deny the writ.

I

Bowman sued Mehdi for personal injuries incurred in a fall. The jury returned a verdict favoring Mehdi. Bowman appealed.

Bowman asked the superior court to waive court fees and costs on appeal. The court allowed preparation of the clerk's transcript without cost to Bowman.[1] Mehdi seeks mandate, asserting the court abused its discretion in waiving clerk's transcript fees.[2]

II

A

Preliminarily, Bowman asserts Mehdi has no standing to seek mandate.

In *City of Rohnert Park* v. *Superior Court* (1983) 146 Cal.App.3d 420, 431, footnote 6 [193 Cal.Rptr. 33], the court stated: "We do not intend our

---

[1] In December 1988 the superior court entered an order granting Bowman's application to proceed in forma pauperis. The order permitted Bowman to proceed "without payment of the following court fees or costs . . . FILING (AND SERVICE) FEES ONLY all fees waived except transcript fees."

In April the clerk filed a notice regarding fee for record on appeal. The clerk's notice stated the fee for the clerk's transcript and file was waived.

We interpret the superior court's order—as did the clerk—as waiving clerk's transcript fees but not reporter's transcript fees.

[2] In April 1989 we denied Bowman's application for relief from payment of reporter's transcript fees. The issue of reporter's transcript fees is not presently before us.

opinion to suggest that the respondent in an appeal has standing to challenge routine court decisions concerning in forma pauperis proceedings. In fact, we do not address the issue of standing because it has not been directly raised or briefed by the parties."

Without deciding standing we reach the merits here because the petition raises an issue of public importance to litigants and court clerks throughout the state.

## B

■ Mehdi contends neither California Rules of Court, rule 985[3] nor its enabling statute, Government Code section 68511,[4] authorized the court to waive clerk's transcript fees on appeal for Bowman. In support of his contention, Mehdi cites *City of Rohnert Park* v. *Superior Court, supra,* 146 Cal.App.3d 420.

In *Ferguson* v. *Keays* (1971) 4 Cal.3d 649, 656 [94 Cal.Rptr. 398, 484 P.2d 70], the Supreme Court stated: "Under article VI, section 6 of the California Constitution, the Judicial Council is empowered, among other things, to 'adopt rules for court administration, practice and procedure, not inconsistent with statute.' Thus, the Judicial Council could, in the exercise of its rule-making power, promulgate rules governing applications for in forma pauperis relief. Similarly, the Legislature, being entrusted with the responsibility of providing for the maintenance and operation of the appellate judiciary, has the authority to declare under what circumstances, and upon what terms and conditions, indigent litigants should be permitted free access to the appellate courts. However, until the Judicial Council or Legislature has spoken on the subject, the courts properly may exercise their inherent power to assure that the indigent litigant is given reasonable opportunity to obtain appellate relief." (*Id.* at p. 656, fn. omitted.) In *Ferguson* the Supreme Court held an appellate court has inherent power to waive its

---

[3] All rule references are to the California Rules of Court.

Rule 985(i) provides in relevant part: [¶] "Court fees and costs waived upon granting an application under rule 982(a)(17) include but are not limited to: [¶] (1) Clerk's fees for filing papers; [¶] (2) Clerk's fees for reasonably necessary certification and copying; [¶] (3) Clerk's fees for issuance of process and certificates; [¶] (4) Clerk's fees for transmittal of papers . . . ."

Rule 985(j) provides in relevant part:

"The court fees and costs that may be waived upon application under rule 982(a)(20) include: [¶] (6) Other fees or expenses as itemized in the application."

[4] All statutory references are to the Government Code unless otherwise specified.

Section 68511.3, subdivision (a), provides in relevant part: "The Judicial Council shall formulate and adopt uniform forms and rules of court for litigants proceeding in forma pauperis. These rules shall provide: [¶] . . . (3) for proceeding in forma pauperis at every stage of the proceedings at both the appellate and trial levels of the court system . . . ."

own filing fees to accommodate indigent civil litigants. (*Id.* at p. 654.) The Supreme Court noted it was "not faced with the question whether indigents must be given funds by the county or some other source in order to pay transcript fees, publication costs, or other similar third-party charges." (*Ibid.,* fn. omitted.)

In *City of Rohnert Park* v. *Superior Court, supra,* 146 Cal.App.3d 420, respondents on appeal challenged a superior court ruling appellants proceeding in forma pauperis were entitled to waiver of reporter's and clerk's transcript fees on appeal. The appellate court stated: "The central issue is whether Government Code section 68511.3, and rule 985, California Rules of Court, implementing section 68511.3, have altered the common law rule that in forma pauperis appellants need not be furnished free appellate records. We conclude that the language used by the Legislature cannot be read to accomplish such a dramatic change in the law." (*Id.* at p. 422.)

In *City of Rohnert Park* v. *Superior Court, supra,* 146 Cal.App.3d at pages 426-428, the court quoted at length from *Ferguson* v. *Keays, supra,* 4 Cal.3d 649. The court stated: "Whether motivated by *Ferguson* v. *Keays, supra,* or spurred by other considerations, the Legislature has now acted and the Judicial Council has complied with the Legislature's directive to 'formulate and adopt uniform forms and rules of court for litigants proceeding in forma pauperis.' We must now determine the effect of the Legislature's action and the Judicial Council's rule. We must decide whether they expanded the previously recognized rights of persons proceeding in forma pauperis, or merely standardized the forms and procedures for seeking the recognized benefits." (*City of Rohnert Park* v. *Superior Court, supra,* at p. 428.)

In *City of Rohnert Park* v. *Superior Court, supra,* 146 Cal.App.3d at page 430, the appellate court found rule 985(j)(6)'s language permitting waiver of " '[o]ther fees or expenses as itemized in the application' " did not authorize waiver of clerk's or reporter's transcripts on appeal. The court deemed it significant that in formulating rule 985 the Judicial Council omitted reference to clerk's and reporter's transcript costs: "It would be curious for the Judicial Council to relegate to the category of 'other fees or expenses' the primary expenses faced by most appellants, expenses which in some cases would exceed the costs waived at the trial court level. The Judicial Council's failure to specify transcript preparation costs suggests that the council understood Government Code section 68511.3 as a mandate to develop forms and rules of procedure and not as a mandate to alter the long-standing practice of denying in forma pauperis appellants free transcripts." (*Ibid.*) The court noted ". . . transcript preparation costs have uniformly been denied civil appellants proceeding in forma pauperis (see, e.g., *Leslie* v.

*Roe* (1974) 41 Cal.App.3d 104, 106 . . .; *Legg* v. *Superior Court* (1958) 156 Cal.App.2d 723 . . .; *Kaufman* v. *Brown* (1951) 106 Cal.App.2d 686 . . .; *Rucker* v. *Superior Court* (1930) 104 Cal.App. 683 . . .)." (*City of Rohnert Park* v. *Superior Court, supra,* at p. 429.)[5]

We conclude *City of . Rohnert Park* v. *Superior Court, supra,* 146 Cal.App.3d 420, does not compel granting Mehdi's petition for mandate. In *City of Rohnert Park* the appellate court specifically noted the matter of clerk's transcripts was moot. (*Id.* at p. 423.) However, citing public interest in the matter, the court stated it would nonetheless decide issues regarding clerk's transcripts "because the legal analysis is the same for both transcripts." (*Ibid.*) We disagree with the court's statement the issues involving

---

[5] In *Rucker* v. *Superior Court* (1930) 104 Cal.App. 683 [286 P. 732], appellants sought an order from the superior court that the clerk furnish without cost the necessary clerk's transcript on appeal and the court reporter furnish a reporter's transcript also without cost to appellants. The superior court denied the motion on the ground it lacked jurisdiction to grant the relief sought. Noting courts of common law had rights to admit litigants to sue in forma pauperis, the appellate court stated "[i]t is not shown that this right extended to appeals or writs of error. The right of appeal is a creature of written law, and finds its authority in the Constitution and statutes of the state. [Citation.] The right to sue or defend *in forma pauperis* is of such nature that unless it is carefully guarded it is most susceptible of abuse. Therefore if allowed at all it should be regulated with the utmost care." (*Id.* at p. 685.) The appellate court then proceeded to discuss reasons supporting denial of free reporter's transcripts. The court did not further discuss clerk's transcripts.

In *Kaufman* v. *Brown* (1951) 106 Cal.App.2d 686 [235 P.2d 632], an indigent appellant asked the appellate court to reverse *Rucker* v. *Superior Court, supra,* 104 Cal.App. 683, and direct preparation of a full reporter's transcript without cost. The appellate court stated: "In *Rucker* v. *Superior Court, supra,* the court refused a writ of mandate to compel the court reporter to furnish a transcript without the payment of the required fee. No just cause appears why the rule there adopted should be reversed." (*Kaufman* v. *Brown, supra,* at pp. 688-689.) The appellate court proceeded to consider the merits of the appeal only on the clerk's transcript. The opinion makes no mention of payment for the clerk's transcript.

In *Legg* v. *Superior Court* (1958) 156 Cal.App.2d 723 [320 P.2d 227], the superior court denied an indigent appellant's request for mandate directing the clerk to waive fees for clerk's and reporter's transcripts. On appeal the appellant contended "an order permitting her to proceed *in forma pauperis* amounts to a contract with her on the part of the court and that it covers proceedings on appeal as well as those in the trial court." (*Id.* at p. 724.) The appellant relied on a federal statute providing for government payment of the expense of printing the record on appeal in federal courts. In affirming denial of mandate, the appellate court stated: "This federal statutory rule has no counterpart in our own statutes [citations] and is contrary to the decisional law. (*Rucker* v. *Superior Court,* 104 Cal.App. 683, 685-686 . . .; *Barclay* v. *Superior Court,* 104 Cal.App. 789 . . .; *Kaufman* v. *Brown,* 106 Cal.App.2d 686, 688 . . . .)" (*Legg* v. *Superior Court, supra,* at p. 725.)

In *Leslie* v. *Roe* (1974) 41 Cal.App.3d 104 [116 Cal.Rptr. 386], appellants asked the superior court for a clerk's transcript and reporter's transcript at county expense. The superior court denied the request, holding indigent appellants were not entitled to have the county pay for transcripts on appeal. The appellate court denied appellants relief. The appellate court stated: "The ordinary civil litigant is not entitled to free transcripts on appeal at public expense. (*Rucker* v. *Superior Court,* 104 Cal.App. 683, 685-686 . . .; *Kaufman* v. *Brown, supra,* 106 Cal.App.2d 686, 688-689; *Legg* v. *Superior Court,* 156 Cal.App.2d 723, 724-725 . . .; *Agnew* v. *Contractors Safety Assn.* [1963] 216 Cal.App.2d 154, 156 [30 Cal.Rptr. 690].)" (*Leslie* v. *Roe, supra,* at p. 107.)

clerk's and reporter's transcripts are identical. Although *City of Rohnert Park* discusses rule 985(j)(6), the opinion does not address the specific provisions in rule 985(i) providing for waiver of clerk's fees for copying, certification and transmittal of papers. As preparation of a clerk's transcript consists precisely of copying, certifying and transmitting papers, we read those specific provisions as authorizing waiver of clerk's transcript fees for appellants proceeding in forma pauperis. Further, the cases cited in *City of Rohnert Park* as establishing a common law rule denying transcript preparation costs were decided before adoption of the specific provisions of rule 985 and its enabling statute. Moreover, the seminal cases cited—*Rucker* v. *Superior Court, supra,* 104 Cal.App. 683, and *Kaufman* v. *Brown, supra,* 106 Cal.App.2d 686—primarily addressed the issue of reporter's transcripts. Finally, the issue of reporter's transcript fees is properly distinguishable from the issue of clerk's transcript fees because, as noted in *City of Rohnert Park,* the Legislature has provided in Business and Professions Code section 8030.2 et seq. a specific procedure for obtaining under certain circumstances a free reporter's transcript on appeal. (*City of Rohnert Park* v. *Superior Court, supra,* 146 Cal.App.3d at p. 429.)

In summary, we conclude rule 985(i) authorizes waiver of clerk's transcript fees for appellants proceeding in forma pauperis.[6]

### DISPOSITION

The petition for writ of mandate is denied.

Nares, J., concurred.

**WIENER, J.,** Dissenting.—I approach this case on the assumption that we are bound by the doctrine of stare decisis and that lacking valid reasons we must apply established precedent. (*Interinsurance Exchange* v. *Campbell* (1986) 187 Cal.App.3d 242, 243, 247 [232 Cal.Rptr. 27]; Kaus, *Precedent is a Many Splendored Thing or Let Thirteen Flowers Bloom* (CJER J. 1986).) On that assumption here I believe *City of Rohnert Park* v. *Superior Court* (1983) 146 Cal.App.3d 420 [193 Cal.Rptr. 33] (*Rohnert Park*) is dispositive and accordingly I would grant the petition.

The majority reject *Rohnert Park* because they read the several provisions of California Rules of Court, rule 985(i) as "authoriz[ing] waiver of clerk's transcript fees for appellants proceeding in forma pauperis." (Maj. opn.,

---

[6]Rule 985(b) provides in part: "The court may authorize the clerk of the court, county financial officer, or other appropriate county officer to make reasonable efforts to verify the litigant's financial condition." Mehdi's request for verification of Bowman's financial condition under rule 985(b) should first be addressed to the superior court.

*ante,* p. 1203.) I find this interpretation surprising since it is clear to me that had the Judicial Council intended to provide for a waiver of fees for "clerk's transcripts" it would have used that phrase as it has in so many other places in the rules. (See, e.g., Cal. Rules of Court, rules 9(a), 34(1), 35(a), 39(c)(1).) I am also satisfied that in light of the Judicial Council's expertise and concern with the fair administration of justice that had it intended free clerk's transcripts in civil cases for persons proceeding in forma pauperis it would have enacted a new rule eliminating the effect of *Rohnert Park* during the six years following that decision. The fact the Judicial Council has elected not to do so is powerful evidence to me that *Rohnert Park* correctly interpreted the Judicial Council's intent of not authorizing free transcripts for forma pauperis appellants. Thus, guided by precedent and the meaningful nonaction of the Judicial Council there is no basis here to disrupt the orderly and uniform application of the rules to allow free clerk's transcripts in civil cases for appellants wishing to proceed in forma pauperis. Accordingly, I respectfully dissent from the order denying the petition.