JOSE C. MAFNAS,                    ) ORIGINAL ACTION NO. 89-001
                                   )
          Petitioner,              )
                                   )
     vs.                           )      DECISION AND ORDER
                                   )
ROBERT A. HEFNER,          ·       )
                                   )
          Respondent.              )
_____)

Before:    Dela Cruz, Chief Justice, Villagomez and Borja,
           Associate Justices.

Per Curiam:

## BACKGROUND

This matter came on for hearing on respondent's motion to dismiss the petition filed (1) due to lack of subject matter jurisdiction and (2) for lack of standing by petitioner to file this matter as an original action in this Court.[1]

The motion to dismiss first contends that this Court lacks subject matter jurisdiction over this action because it is an ordinary civil matter seeking declaratory and injunctive relief

_____

[1]  This motion was heard by the full-panel of the Court by agreement of the parties. It was also the consensus prior to the hearing that the Court address the issue of petitioner's standing before this Court, although the respondent initially did not directly challenge petitioner's standing.

23

and should have been filed, in the first instance, with the Superior Court. Respondent argues that this Court should not exercise its appellate supervisory powers over the Superior Court or its judges to ordinary types of civil actions. He asserts that the petition should first be heard and decided in the Superior Court, subject thereafter to appellate review in this Court.

The second ground raised in support of the motion to dismiss is petitioner's alleged lack of standing before this Court. Respondent contends that, although petitioner as a citizen taxpayer would have standing in the Superior Court to file an action of the nature alleged, he does not have standing in this Court because the petition does not justify the invocation of this Court's supervisory jurisdiction. Respondent asserts that petitioner cannot (or should not be allowed to) invoke this Court's original supervisory jurisdiction over the Superior Court (or its judges) where he has no related case pending in the lower court.

## I.

The petition filed in this matter is one seeking declaratory relief, namely that the respondent is not the Presiding Judge of the Superior Court, 1 CMC §§ 3203-3204 of the Commonwealth Judicial Reorganization Act, since he has never been appointed by the governor and confirmed by the Senate to that office. It is also seeking injunctive relief, namely that the respondent be enjoined from further exercising

24

the powers of that office, as well as from receiving the benefits and emoluments incidental to such office. Further, it is seeking an order requiring respondent to repay the Treasurer of the Commonwealth any salary received by him in excess of that permitted by law if he were determined not to be the Presiding Judge.

Petitioner alleges the following bases for this Court's exercise of original jurisdiction: Article IV, § 1 of the Commonwealth Constitution; 1 CMC § 3102(b) (our all-writs statute); 1 CMC § 3104 (this Court's supervisory jurisdiction over the Superior Court and its judges); and 7 CMC § 2421 (the Commonwealth declaratory judgment statute).

With respect to lack of subject matter jurisdiction, respondent begins his argument by pointing out that Article IV, section 2, of the Commonwealth Constitution gives the Commonwealth trial court (i.e. Superior Court) original jurisdiction over civil and criminal matters. In contrast, he points out that the Commonwealth appeals court (i.e. the Supreme Court) generally is given jurisdiction to hear appeals from the judgments and orders of the trial court. Article IV, section 3, Commonwealth Constitution.

In light of these jurisdictional grants demarcated by the Constitution, respondent argues that because the relief prayed for by petitioner are declaratory and injunctive in nature, the petition is the type of action which should originally be filed and heard by the Superior Court, not the Supreme Court.

## II.

In order to determine whether we can and should assert original jurisdiction over the petition filed, we need to examine the allegations of the petition, as well as the prayer for relief. Only by examining the nature of the petition, together with the relief requested, would we be able to determine whether there is any basis for us to exercise our original jurisdiction through our all-writ statute or our supervisory jurisdiction over the Superior Court. If, after examination of the petition, we determine that it is one which should appropriately be filed, in the first instance, with the Superior Court, we should of course grant the motion or, if appropriate, transfer the matter to the Superior Court.

In construing the allegations of the petition it is necessary that we determine its substance, that is whether the allegations, taken as a whole, in fact is one which would justify the invocation of our power to grant extraordinary relief by way of writ or one which would justify the invocation of our supervisory power over the Superior Court and its judges. Only if we find the petition to be such, may we then consider whether it is appropriate for this Court to exercise its power to issue writs or to supervise the lower court.

A facial examination of the petition shows that it is not your usual type of civil action to the extent that it is a direct challenge to the very authority of a sitting judge to hold the statutorily-established judicial position of

26

Presiding Judge of the Superior Court. But although unusual in that sense, we also find that the allegation of the petition, and in particular the relief prayed for, show that, at least facially, it is the type of action which ordinarily are filed in the first instance at the trial court level. It is an action by a citizen taxpayer against one allegedly holding a public office without legal authority. A number of taxpayer cases have been decided in the Commonwealth, some similar to the one at hand. See, Manglona v. Camacho, 1 C.R. 820 (NMI Dist.Ct.App.Div., 1983); Pangelinan v. Commonwealth of the Northern Mariana Islands, 2 C.R. 1148 (NMI Dist.Ct.App.Div., 1987); Romisher v. Mariana Public Land Corporation, 1 C.R. 841 (CTC, 1983); Lizama v. Rios, 2 C.R. 568 (NMI Dist.Ct., 1986). All of these cases have originated at the trial court.

There is, however, one major factual difference which distinguishes this case from the taxpayer cases previously decided; namely, that the present case is the first one involving a sitting judge of the Commonwealth Judiciary and in which his authority to hold the judicial office of Superior Court Presiding Judge is being directly challenged.

Because of this uniqueness then, the petition seeks to by-pass the Superior Court where civil cases ordinarily originate and instead directly proceeds in this Court, seeking the exercise of our extraordinary writ powers (including our supervisory jurisdictional authority) to declare that the respondent has no legal basis to assume the office of

27

Presiding Judge and to enjoin him (by mandamus or prohibition) from further exercising the functions of that office.

In filing this original action for declaratory and injunctive relief in this Court, petitioner has expressed strong reservations regarding the ability of another judge of the Superior Court to hear the case and to grant the relief sought. He argues that another judge of the Superior Court could not, without difficulty, adjudicate the respondent's title to the office in question and enter an order (or writ) enjoining a co-equal judge of the same court. He further asserts that a court could not issue a writ directed at itself. See, for example, Legg v. Superior Court, 320 P.2d 227 (Cal. 1958). He contends that, as a co-equal, one judge could (theoretically, if not actually) vacate an order (or writ) issued by another judge of the same court.

While it is true that a court cannot issue a writ directed at itself, we have great difficulty accepting petitioner's broad contention with respect to a trial court judge's inability, absent a specific basis for recusal, to adjudicate and hear a case involving another judge of the same court.

If such contention were true, then no trial judge would be able to preside over a case where another trial judge is being sued, say, in a personal injury matter or is being charged with a criminal offense. We, of course, certainly disagree with petitioner's position on this point. Merely because a judge is a party to a suit does not always justify bypassing the trial

28

court which is where civil and criminal matters generally are heard first.

Very recently, we had occasion to consider another original action filed in this Court and seeking the exercise of our extraordinary writ powers. Tenorio v. Superior Court, Original Action No. 89-002 (Slip Opinion issued November 14, 1989). There we had occasion to lay down certain guidelines for consideration when passing on a petition seeking the exercise of our appellate powers to grant extraordinary relief and to supervise a lower court. We noted then that the remedy of mandamus is a drastic one, which should be exercised only in extraordinary situations such as where a lower court has acted in a manner clearly constituting a usurpation of power. Tenorio, slip opinion p. 6; and Wills v. United States, 389 U.S. 90, 88 S.Ct. 269, 19 L.Ed. 2d 305 (1967).

In Tenorio, we laid down specific guidelines to consider in addressing original applications for the exercise by this Court of its power to issue extraordinary writs. All of those guidelines involve, in one way or another, some lower court action from which stems the filing of an original petition in this Court seeking an extraordinary remedy either to confine a lower court to a lawful exercise of its prescribed jurisdiction or to compel a lower court to exercise its authority when it is its duty to do so. Tenorio, slip opinion, at 6-7; and Bauman v. United States District Court, 557 F.2d 650 (9th Cir. 1977).

Here, the petition is filed without any underlying action in the lower court. It directly asks us to review without any lower court action, decision, or order, a trial judge's authority to hold the administrative position of Presiding Judge and , if so, to exercise our supervisory jurisdiction over the respondent by way of writ.

This direct petition for supervision of a lower court judge entails the adjudication of respondent's authority to hold (or assume) the office in question. The factual allegations are, as we have already noted, unique and unusual because the petition strikes at the administrative heart of the Superior Court. Because of this, petitioner contends that other judges of the Superior Court would either be unable to try the case or would have difficulty determining an issue which would directly impact, in one way or another, on a fellow judge's title to office. We, of course, appreciate such practical concern. However, to accept such concern as a given would be tantamount to engaging (at least at this point) in speculation.

While the issues raised and the relief sought may be difficult and sensitive, they do not by themselves rise to a level where we should permit the by-passing of a lower court's ordinary trial functions. Whether we label an action filed in this Court as one which, in substance, is seeking extraordinary relief in the nature of mandamus, prohibition, or quo warranto, or one which seeks declaratory and injunctive relief and, therefore, could or should be filed with the Superior Court in

30

the first instance, we still must determine whether the exercise of our writ and supervisory jurisdiction is warranted in this case.

We conclude that the exercise of our original jurisdiction over the petition as filed is not warranted at this point. First, we find that the petition involves the resolution of legal issues which the Superior Court also has jurisdiction over. Second, we find that, although the issues appear difficult and sensitive, a judge of the Superior Court could adjudicate such issues, absent any conflict or other basis for recusal. Third, we believe that, even though the allegations of this case may justify exercising our discretion to entertain the matter by way of writ or through our supervisory jurisdiction, on balance, we should decline to do so because the Superior Court properly should have the first opportunity to entertain the case.

We consider it premature at this point to conclude that the other judges of the Superior Court might recuse themselves from participation in this case if presented there. We should not assume that such would be the case. But even if that were the case, a special judge could be assigned to hear it at the Superior Court. Only in the event that the Superior Court is unable to hear this matter may we then entertain the petition filed.

Thus, while we find that we have concurrent jurisdiction to entertain the petition in this matter, we decline to do so

31

because the Superior Court has general civil jurisdiction to adjudicate the matter and that, in our discretion, we believe it would be inappropriate to exercise our prerogative writ and supervisory jurisdiction until the Superior Court has been accorded the opportunity to entertain the case.

▐ The Court has carefully considered whether to dismiss this case and allow petitioner to refile in the Superior Court, or instead, to transfer the case to the Superior Court. A dismissal of the action will require the petitioner to refile a new petition and pay the filing fee in the Superior Court. The respondent will be entitled for additional time to respond to the same petition and all such proceedings will further delay disposition of this matter. On the other hand, a transfer will eliminate all such additional filings, time, and burden on the parties. Therefore, we have determined that in the interest of justice, in order to expedite a decision in this matter, and to eliminate further burden on the parties, that the Court will simply transfer the case to the Commonwealth Superior Court and it shall be deemed as filed therein. In the event that the Superior Court judges, for any good cause, determine that they are not able to entertain this case, the matter shall then be transferred back to the Supreme Court.

In view of our decision to decline the exercise of our original jurisdiction over this matter, we do not reach the issue of petitioner's standing before this Court. Therefore,

IT IS ORDERED that the petition filed in this matter be and the same is hereby transferred to the Superior Court. In

32

the event that the Superior Court is unable, for good cause, to entertain the matter, then the Superior Court shall so certify such to this Court and this matter shall be transferred back.

Dated this _28th_ day of November, 1989.

_____
JOSE S. DELA CRUZ, Chief Justice

_____
RAMON G. VILLAGOMEZ, Associate Justice

_____
JESUS C. BORJA, Associate Justice