Filed 2/25/26  Hall v. Superior Court CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| ANTHONY JAMA HALL, | C100087 |
| Plaintiff and Appellant, | (Super. Ct. No. 34-2023-80004085-CU-WM-GDS) |
| v. | |
| THE SUPERIOR COURT OF SACRAMENTO COUNTY, | |
| Defendant; | |
| SACRAMENTO COUNTY BOARD OF SUPERVISORS, | |
| Real Party in Interest and Respondent. | |

Appellant Anthony Jama Hall appeals the trial court's order denying his petition for writ of mandate seeking to reverse a prior order from the same court.  We affirm.

1

FACTUAL AND PROCEDURAL BACKGROUND[1]

Appellant was arrested and incarcerated in December 2018; the charges were later dismissed.  Appellant initiated a government tort claim related to the arrest against real party in interest Sacramento County Board of Supervisors.[2]  The superior court found his claim was untimely and denied appellant's petition for relief from a late filing of claim on November 9, 2022.

In 2023, appellant filed a second petition with the superior court, this one for a writ of mandate asking the court to "[v]acate its [t]entative [r]uling [i]ssued November 8, 2022," grant appellant's "[p]etition for '[r]ehearing,' " and consider the merits of appellant's government tort act claim.  Appellant stated he was taking "advantage of an avenue that was and remains available as the time to [a]ppeal the [e]rroneous [d]ecision has [l]apsed, and therefore [the] writ of [m]andate [p]etition filed herein is [a]dequate."  On November 17, 2023, the trial court, through a different judge than in the first case, denied this petition finding, "A superior court has no power, authority, or jurisdiction to issue a writ of mandate against itself."

Appellant appeals.

---

[1]    We deny appellant's request for judicial notice because he failed to attach the documents in his request.  (*Ross v. Creel Printing & Publishing Co.* (2002) 100 Cal.App.4th 736, 744 ["The burden is on the party seeking judicial notice to provide sufficient information to allow the court to take judicial notice"].)  We also deny as moot Sacramento County Board of Supervisors's request for judicial notice of appellant's notice of appeal because this document is already in our records.

[2]    Real party in interest stated in filings with the trial court and in its brief it was erroneously named by appellant and should be the County of Sacramento.

DISCUSSION

Appellant contends, "The trial court erroneously held that it lacked the power . . . to issue a writ of mandate against itself, citing the incorrect proposition that a writ of mandate may only be issued to an inferior tribunal." We disagree.

We review this legal issue de novo. (*Earnest v. Commission on Teacher Credentialing* (2023) 90 Cal.App.5th 62, 73.)

Code of Civil Procedure section 1085, subdivision (a) states: "A writ of mandate may be issued by any court to any *inferior tribunal*, corporation, board, or person, to compel the performance of an act which the law specially enjoins . . . and from which the party is unlawfully precluded by that *inferior tribunal*, corporation, board, or person." (Italics added.)

The statute's plain language permits a court to issue a writ only to an "inferior tribunal," necessarily disallowing a superior court from issuing a writ against itself. (Code Civ. Proc., § 1085, subd. (a); see *Legg v. Superior Court* (1958) 156 Cal.App.2d 723, 725 ["Obviously a petition for mandamus directed by the [s]uperior [c]ourt to itself will not lie"]; *People v. Davis* (2014) 226 Cal.App.4th 1353, 1371 ["The superior court does not have the authority or jurisdiction to issue mandamus or prohibition against itself"]; *Alvarez v. Superior Court* (2010) 183 Cal.App.4th 969, 982-983 [explaining "the general rule that a judge may not overrule a judge of equal authority"].) The trial court therefore did not err in denying appellant's petition on this ground.

Appellant also seeks to litigate the merits of his government tort claim and related petition for relief from a late filing of claim. But appellant concedes he did not timely appeal the court's order in that matter. Appellant's failure to timely appeal that order forecloses our jurisdiction to review. (*Norman I. Krug Real Estate Investments, Inc. v. Praszker* (1990) 220 Cal.App.3d 35, 46 [" 'If a judgment or order is appealable, an aggrieved party *must* file a *timely* appeal or forever *lose* the opportunity to obtain appellate review' "]; *People v. Ramirez* (2008) 159 Cal.App.4th 1412, 1420-1421 [" 'A

3

timely notice of appeal, as a general matter, is "essential to appellate jurisdiction" ' "].) The scope of our review is therefore limited to whether the trial court properly denied appellant's petition for writ of mandate to review its prior order in appellant's government tort claim case. For the reasons stated above, we conclude it did.

We finally address appellant's citations to several nonexistent sources. For example, appellant argues, "[T]he trial court's refusal to consider attachments to a late claim petition [is] a violation of due process rights and an abuse of discretion, as provided under Government Code section 911.5[, subdivision ](b) and contrary to the holding in *County of Sacramento v. Superior Court* (2014) 232 Cal.App.4th 305." (Boldface omitted, italics added.) Neither of these legal authorities exist. Real party in interest identifies appellant's fabricated legal authorities but appellant persists, stating in his reply, "The authorities cited by [a]ppellant in the [o]pening [b]rief are accurate, controlling, and properly cited, and each supports the legal propositions advanced." (Boldface omitted.) This is demonstrably false because at least 11 authorities cited in appellant's briefs are either nonexistent or wholly inaccurate for the propositions asserted.

We admonish appellant for fabricating legal authorities or failing to review citations created by generative artificial intelligence that tend to " 'hallucinate' " legal authority. (*Noland v. Land of the Free L.P.* (2025) 114 Cal.App.5th 426, 443-444 [detailing the increased usage of generative artificial intelligence and its tendency to hallucinate fake cases].) "Pro[pria] per[sona] litigants are held to the same standards as attorneys." (*Kobayashi v. Superior Court* (2009) 175 Cal.App.4th 536, 543.) And " ' "[h]onesty in dealing with the courts is of paramount importance, and misleading a judge is, regardless of motives, a serious offense." ' " (*People v. Alvarez* (2025) 114 Cal.App.5th 1115, 1119.) Appellant is warned that by using fabricated legal authorities in legal filings, his filings may be stricken (Cal. Rules of Court, rule 8.204(e)(2)(B)), and he could be subject to sanctions. (*Noland*, at p. 445 ["relying on fabricated legal authority is sanctionable"].)

4

DISPOSITION

The judgment is affirmed.  Real party in interest shall recover its costs on appeal. (Cal. Rules of Court, rule 8.278(a)(1)-(2).)


/s/
ROBIE, J.


We concur:


/s/
EARL, P. J.


/s/
MESIWALA, J.