Filed 8/24/16  Castaneda v. Ramirez CA1/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| EDITH CASTANEDA,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>RYAN RAMIREZ,<br><br>        Defendant and Appellant. | A143653<br><br>(Contra Costa County<br>Super. Ct. No. MSD1401238) |

Plaintiff Ryan Ramirez appeals from a three-year domestic violence restraining order that his mother-in-law, Edith Castaneda, obtained against him after Ramirez unsuccessfully sought a restraining order against her.[1]

Ramirez, in his application for a restraining order, alleged he was seeking a divorce from his wife (Castaneda's daughter) and Castaneda had twice threatened him with death if he did anything that would "hurt" his wife or her family members.  Ramirez claimed that in preparing for the divorce proceedings he had discovered "possible frauds," involving the purchase of a residential property, perpetrated by his wife and Castaneda.  He sought and was granted a temporary restraining order.  Ramirez was unable to serve Castaneda, and the matter was eventually dropped from the calendar.

A month later, Castaneda sought a restraining order.  She claimed Ramirez was "stalking" her, had waived a gun at her, and had accused her of committing and fraud and stealing from a client.

---

[1]  This appeal is properly decided by way of memorandum opinion in accordance with California Standards of Judicial Administration, standard 8.1(1), (3).

1

Ramirez filed written opposition, denying Castaneda's accusations and claiming she was stealing from her husband and giving his earnings to a "lover" for the purchase of a "million dollar" home. He asserted Castaneda was harassing him and trying to prevent him from divulging information about the alleged fraud to her husband. Ramirez attached a number of e-mails and letters that reflected a serious conflict with his wife and mother-in-law and in which he accused them of stealing his and his father-in-law's money and threatening him in order to dissuade him from serving subpoenas for financial records he believed would substantiate the alleged marital and economic transgressions.

A hearing was held on September 25, 2014, at which Castaneda and Ramirez appeared in propria persona and testified. After considering all the documentation the parties had submitted and their testimony, the court ruled in favor of Castaneda and issued a three-year restraining order in favor of both Castaneda and her husband against Ramirez.

Ramirez filed a notice of appeal on November 24, 2014. As the record on appeal he designated a clerk's transcript under California Rule of Court, rule 8.122 and a settled statement under rule 8.137. The court provided a settled statement on August 31, 2015.

In the settled statement, the court recounted Castaneda's testimony. She testified she and her husband had received numerous communications from Ramirez accusing her of an affair and stealing money to support her purported lover, and Ramirez had repeatedly call her employer and made false accusations in an attempt to get her fired. She also claimed to have found a surveillance camera near her residence and one of the photos downloaded from the chip was of Ramirez. Castaneda said she feared for her life, Ramirez was showing signs of "mental instability," and he was obsessed with the notion she had committed marital fraud and had a lover—which she denied. The court also recounted Ramirez's testimony. Ramirez maintained Castaneda had, indeed, committed marital fraud and had a lover who resided in a house and lived a lifestyle he could not possibly afford. He said his many communications were intended for Castaneda's husband's benefit and denied placing the camera. He also denied waving a gun around,

2

presenting the court with a consignment slip for two guns dated the same day as the alleged incident.

The court made a series of findings. It concluded Castaneda had not proven by "clear and convincing evidence" that Ramirez had brandished a weapon at her. It also concluded she had not proven by "clear and convincing evidence" that Ramirez had set out the surveillance camera. However, it did find by "clear and convincing evidence" that Ramirez had bombarded Castaneda with communications and said he would not stop except by a court order. The court further found Castaneda was anxious and stressed by this conduct. Thus, it "found by clear and convincing evidence that the level, nature and tone of the contacts constituted harassment fueled by Ramirez's obsession with the notion that Ms. Castaneda has a lover whom she supports with funds stolen from her husband."

On appeal, Ramirez first attacks the settled statement as not being sufficiently specific. Although Ramirez was represented by counsel in connection with the settled statement, the record contains no objections to the court's statement or request that it be amended or augmented in any way. (See *Committee to Defend Reproductive Rights v. A Free Pregnancy Center* (1991) 229 Cal.App.3d 633, 637–639 [appellant's burden to obtain adequate settled statement pertaining to issues raised on appeal]; *Agnew v. Contractors Safety Assn.* (1963) 216 Cal.App.2d 154, 161–163.) In any case, the statement adequately identifies the evidence that was before the court and on which it relied.

Ramirez next maintains the court improperly relied on "hearsay, speculation, rumor and incompetent evidence." However, the record contains no request in connection with the settled statement that the court identify and discuss evidentiary issues the parties may have raised at the hearing. Accordingly, there is no record of any objection by either party to any of the evidence that was presented. Absent objection, otherwise inadmissible evidence is properly considered. (See *In re Tracy Z.* (1987) 195 Cal.App.3d 107, 113 [judgment based on incompetent evidence may be affirmed if no objection was lodged in trial court]; *Flood v. Simpson* (1975) 45 Cal.App.3d 644, 649 ["It is well settled that hearsay or other incompetent evidence . . . if received without

3

proper objection or motion to strike is to be regarded as competent evidence in support of an order or judgment."].) And just as otherwise objectionable evidence can serve as "substantial evidence" to support a finding, it can also serve as "clear and convincing" evidence to support a finding.

Ramirez argues the evidence cannot support a finding of "harassment," in any case, because it showed he had a "legitimate purpose" in communicating with Castaneda and her husband, namely to apprise her husband of the asserted affair and theft of his earnings. But Castaneda denied these accusations, and the court could reasonably find the unrelenting accusations were unsubstantiated and alarming.

Ramirez also contends his "reports" to "a social worker" of alleged malfeasance by Castaneda were absolutely privileged under Civil Code section 47, as communications intended to precipitate "official" investigatory action. Other than the words just quoted which appear in the heading of his argument, Ramirez does not correlate his somewhat lengthy discussion of section 47 to any evidence in the settled statement or elsewhere in the record. The record, moreover, is far from clear; as best we can determine, Castaneda may have been employed by some social services agency and, according to Castaneda, Ramirez repeatedly called her employer and made false accusations in an attempt to get her fired. In short, the appellate briefing is so unclear, we consider the issue waived. (See *Nelson v. Avondale Homeowners Assn.* (2009) 172 Cal.App.4th 857, 862 [failure to support argument with relevant citations to record waives issue on appeal].) Furthermore, Ramirez never made any claim of privilege in the trial court or objected to Castaneda's testimony about his communications with her employer. Thus, the issue has been waived for that reason, as well. (See *Cruey v. Gannett Co.* (1998) 64 Cal.App.4th 356, 367 [section 47 litigation privilege is an affirmative defense that generally must be pled in answer; and if not, must be raised in a manner that gives plaintiff notice and an opportunity to respond].)

Ramirez additionally argues no substantial evidence and no evidence of "clear and convincing" character supports the restraining order. The testimony of Castaneda, alone, is sufficient to support the order. (See *Wise v. DLA Piper LLP (US)* (2013)

4

220 Cal.App.4th 1180, 1191; *Conservatorship of Johnson* (1991) 235 Cal.App.3d 693, 696–697 [testimony of one witness can meet "beyond reasonable doubt" standard].) While Ramirez complains no evidence of the communications the trial court found harassing were "attached to" Castaneda's application for a restraining order, the trial court stated in its settled statement that it considered *all* the written materials submitted by both parties. These included all the exhibits Ramirez attached to his own opposition which amply supported, along with Castaneda's testimony, the court's finding of a barrage of communications reflecting obsessive accusations that Castaneda was stealing from her husband and supporting a lover and herself in a luxury lifestyle. These documents also reflected that Ramirez has long been at odds with Castaneda and her son (since at least 2008), when her son allegedly beat him up and Ramirez moved out of a house he had been sharing with them. Again, the record contains no evidentiary objections to any of these materials and thus were properly considered by the court.

The restraining order is affirmed.

_____

Banke, J.

We concur:

_____

Humes, P. J.

_____

Dondero, J.

A143653, *Castaneda v. Ramirez*

6